[No. G025877. Fourth Dist., Div. Three. Mar. 13, 2000.]

MONARCH HEALTHCARE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ANDREW CASSIDENTI, Real Party in Interest.

## COUNSEL

Sedgwick, Detert, Moran & Arnold, David Humiston, Robert C. Bohner, Hall R. Marston and Douglas J. Collodel for Petitioner.

No appearance for Respondent.

Pinto & Dubia, Christian F. Dubia, Jr., and Laura P. Couch for Real Party in Interest.

## OPINION

**CROSBY, J.**—The discovery rules do not discriminate against nonparty deponents. They need not scramble to retain a lawyer to file a motion to quash in order to challenge "records only" discovery requests that seek privileged information. It is sufficient to simply object.

I

Andrew Cassidenti, the head of an obstetrical medical practice group, sued Brian Koperek and other doctors for unfairly competing to secure a managed care contract from Monarch Healthcare covering some 100,000 Orange County residents. Koperek broke away from Cassidenti in 1995 and allegedly used confidential information to underbid him.

Cassidenti did not initially name Monarch as a defendant. Instead, in October 1998, he served a "records only" deposition subpoena on Monarch's custodian of records as a nonparty witness. (Code Civ. Proc., § 2020, subd. (d).) Cassidenti sought all documents relating to Monarch's negotiations with Koperek and with himself.

Monarch did not file a motion to quash. In December 1998, it produced some, but not all, of the documents, raising trade secrets and privacy objections. Discovery was put on hold for six months pending a dispute regarding mandatory arbitration.

Monarch was named as a defendant in the third amended complaint and filed its answer in June 1999. That same month Cassidenti moved to compel production. Monarch opposed the motion and suggested an in camera inspection because the discovery sought "sensitive business strategy, financial planning, business operations, and technical information which has no direct bearing on Plaintiff's contention [regarding] breach of fiduciary duty by . . . Koperek or by conduct purportedly consisting of unfair business practices."

At the hearing the trial court on its own accord announced that Monarch, as a nonparty at the time of the discovery request, could only object via a motion to quash: "I spent an hour and a half because neither one of you briefed the issue . . . . I spent an hour and a half looking for it. It isn't there. This code section requires you to file a motion to quash and you did not do that. . . . So none of this was preserved. . . . But it is as if your client didn't take any action, just hauled off and sent a letter saying sorry. But that is not what the code says." The court gave Monarch 30 days to produce the requested documents, "enough time to take a writ if you want to."

## II

Monarch initially claims the court lacked jurisdiction to grant the motion to compel on grounds not stated in the notice of motion or moving papers. According to Monarch, "By going beyond those issues, and introducing a new and theretofore unconsidered ground in ruling on the motion, the [court] transgressed the boundaries of its power . . . ."

We do not accept Monarch's absolute rule. ■ Notwithstanding the parties' express or tacit agreement, the court had a responsibility to act in accordance with the statutory procedures set out by the Legislature. (*People v. Mendez* (1991) 234 Cal.App.3d 1773, 1782-1783 [286 Cal.Rptr. 216] [" 'waiver of procedural requirements may not be permitted when the allowance of a deviation would lead to confusion in the processing of other cases

by other litigants' "]; *People v. Silva* (1981) 114 Cal.App.3d 538, 549 [170 Cal.Rptr. 713] ["Where a statute requires a court to follow a particular procedure, an act beyond those limits is in excess of the court's jurisdiction."].) Parties cannot stipulate to circumvent a legislatively designated code section as the exclusive statutory vehicle. (*Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1501 [38 Cal.Rptr.2d 626].) The court would have been derelict in its duty had it put aside its disquiet regarding "what the code says" and allowed the litigants to freely rewrite the discovery statutes.

■ However, fundamental principles of due process also call for those with an interest in the matter to have notice and the opportunity to be heard, so that the ensuing order does not issue like a "bolt from the blue out of the trial judge's chambers." (*Campisi v. Superior Court* (1993) 17 Cal.App.4th 1833, 1839 [22 Cal.Rptr.2d 335]; see *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110, 121 [89 Cal.Rptr.2d 1] [" 'Notice and a chance to be heard are essential components to the trial court's jurisdiction and for due process.' "].) Monarch should have been given the opportunity to brief the new issue raised by the trial court at the hearing. (*Alvak Enterprises v. Phillips* (1959) 167 Cal.App.2d 69 [334 P.2d 148] [affidavit filed with court after submission, without notice to opposing party, cannot be considered in support of motion]; see also *Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 264 [77 Cal.Rptr.2d 781] ["Given these 12th-hour circumstances, [the opposing party] was entitled to orally move at the hearing for a postponement to give it sufficient time to respond."].) Taking an example from the appellate procedure of Government Code section 68081, a good practice would be for law-and-motion judges to give parties advance notice of any "issue which was not proposed or briefed by any party to the proceeding," thereby allowing them to speak directly at oral argument to the court's concerns and, if desired, to file a supplemental memorandum of points and authorities before or after the hearing.[1]

We do not consider the matter further, however, since Monarch has failed to preserve it. The judge advised the parties at the hearing of his view that nonparties were required to file a motion to quash. He listened to Monarch's hastily formulated arguments, but was unpersuaded. Monarch asked for a stay of the order "so we can decide if we're going to take a writ," but did not seek a continuance or permission to file a supplemental brief. Neither did it file a motion to reconsider in order to address the "different circumstance" of

---

[1]Recent legislation should afford judges more time to work up a pending motion (and give notice to counsel) since opposing papers now must be filed at least 10 calendar days before the hearing and reply papers at least five calendar days before the hearing. (Code Civ. Proc., § 1005, subd. (b).)

the court's sua sponte injection of the motion to quash issue. (Code Civ. Proc., § 1008; cf. Gov. Code, § 68081.) The issue of inadequate notice was therefore waived. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 698 [91 Cal.Rptr.2d 844] [opposing party cannot object to untimely notice unless counsel raises an objection at the hearing, explains the prejudice, and requests a continuance "so that a proper response to the motion may be filed"]; see also *Campisi v. Superior Court, supra*, 17 Cal.App.4th 1833, 1839 [party "not only failed to make an objection that he had insufficient time to respond, but he failed to request a continuance for further argument or briefing"]; *Coy v. County of Los Angeles* (1991) 235 Cal.App.3d 1077, 1084, fn. 4 [1 Cal.Rptr.2d 215] [failure to object to inadmissible documents in opposition papers].)

## III

■ We now turn to the merits. The procedure to obtain documents from a nonparty is through a "records only" or "records and testimony" deposition subpoena. (Code Civ. Proc. § 2020, subds. (a)(2), (3) & (d)(1).) Nonparties *may* file a motion to quash, but is this extra step necessary or may they simply wait and object, putting the onus on the proponent to move to compel? (Compare Code Civ. Proc., § 1987.1 [motions to quash] with *id.*, § 2025, subd. (m)(1) [written objections].) The cases are surprisingly silent on this subject. And there was a striking disconnection between the parties (who never raised the subject of waiver) and the trial court (which ruled on this basis).

■ We begin by looking at the language of the Discovery Act, giving the words their usual, ordinary and commonsense meaning. Rather than construing isolated provisions, we look to the entire statutory scheme. (*Peatros v. Bank of America* (2000) 22 Cal.4th 147, 167 [91 Cal.Rptr.2d 659, 990 P.2d 539 ]; *Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31, 37 [91 Cal.Rptr.2d 293, 989 P.2d 720] [adopting interpretation "consistent with the discovery statutes as a whole"].) We resolve ambiguities by considering the consequences and adopt the more reasonable construction. (*Flanagan v. Flanagan* (1999) 77 Cal.App.4th 122, 129 [91 Cal.Rptr.2d 422], review granted March 22, 2000, S085594.) We are mindful of the need for simple and practical rules that stand on their own "without embroidery." (*20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [33 Cal.Rptr.2d 674].)

■ Code of Civil Procedure section 1987.1 contains permissive, not mandatory, language regarding motions to quash. It states, "When a subpoena requires the . . . production of books, documents or other things . . . the court, upon motion reasonably made by . . . the witness . . . *may* make

an order quashing the subpoena entirely, modifying it, or directing compliance with it upon such terms or conditions as the court shall declare, including protective orders . . . ." (Italics added.) The word "may" is not generally construed as a mandatory imposition. (See, e.g., *In re Richard E.* (1978) 21 Cal.3d 349, 354 [146 Cal.Rptr. 604, 579 P.2d 495] ["The ordinary import of 'may' is a grant of discretion."].) In contrast, other discovery provisions expressly describe when a waiver occurs. (Cf. Code Civ. Proc., § 2025, subd. (m)(1).)[2] Section 2025, subdivision (m)(1) states, "The protection of information from discovery on the ground that it is privileged . . . is waived unless a specific objection to its disclosure is timely made *during* the deposition." (Italics added.)

Cassidenti now argues that such provisions only apply to *oral* depositions, not deposition subpoenas for business records from nonparties. He relies upon Code of Civil Procedure section 2025's title ("Oral depositions; protective orders; sanctions; audiotapes or videotapes; stenographic transcripts; use of deposition at trial or hearing"), as well as the fact that the term "deposition" at times is used within section 2025 without further clarifying whether it is limited to "oral depositions."

■ The title does not make the law. (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 602 [7 Cal.Rptr.2d 238, 828 P.2d 140] ["Title or chapter headings are unofficial and do not alter the explicit scope, meaning, or intent of a statute."]; see also *Garat v. City of Riverside* (1991) 2 Cal.App.4th 259, 302 [3 Cal.Rptr.2d 504] ["The mere use of different names for certain categories . . . does not prove that the uses are inconsistent or mutually exclusive; 'What's in a name? That which we call a rose/ By any other name would smell as sweet.' (Shakespeare, Romeo and Juliet, act II, scene 2, line 43.)"].) And despite the title, Code of Civil Procedure section 2025 does contain provisions pertaining to depositions for production of business

---

[2]Code of Civil Procedure section 1987.1 does speak of some circumstances where a waiver does *not* occur, but we do not believe this oblique language decides the issue before us. The statute states, "Nothing herein shall require any witness or party to move to quash, modify, or condition any subpoena duces tecum of personal records of any consumer served under paragraph (1) of subdivision (b) of Section 1985.3."

It is too much of a stretch to conclude from this wording that the Legislature intended to require nonparty witnesses who are not "consumers" to file motions to quash before pursuing otherwise valid privileges or objections. We echo the words of the court in *In re Christian S.* (1994) 7 Cal.4th 768, 782 [30 Cal.Rptr.2d 33, 872 P.2d 574]: "We are not persuaded the Legislature would have silently, or at best obscurely, decided so important . . . a public policy matter . . . ." (See also *In re Christopher T.* (1998) 60 Cal.App.4th 1282, 1290 [71 Cal.Rptr.2d 116] [statute may mention some situations "merely by way of example, without excluding others of similar nature"].) The venerable Latin maxim *expressio unius est exclusio alterius* (the expression of one thing implies the exclusion of the other) does not also mean that the absence of an exception implies the general rule.

records and things under section 2020, subdivision (d). (See Code Civ. Proc., §§ 2025, subd. (c) [copy of deposition subpoena may serve as notice of "records only" deposition subpoena], and subd. (d) [exempting "records only" deposition subpoenas from qualification requirements for deposition officers].) Unlike subdivision (m)(1), other provisions in section 2025 specifically refer to "oral depositions," supporting the inference that the more generic term "deposition" has a wider reach. (E.g., Code Civ. Proc., § 2025, subd. (f).)

In *California Shellfish, Inc. v. United Shellfish Co.* (1997) 56 Cal.App.4th 16 [64 Cal.Rptr.2d 797], the court applied the 20-day "deposition hold" in Code of Civil Procedure section 2025, subdivision (b)(2) to *all* discovery by deposition, including "records only" deposition subpoenas against nonparties. Like Cassidenti, the proponent in *California Shellfish* argued that Code of Civil Procedure section 2025 only applied to *oral* depositions which require the presence and testimony of the deponent, not to section 2020's independent method for document discovery from nonparties. The court disagreed, finding "[t]he inclusion, under the heading 'Oral deposition,' in section 2025, of several specific provisions relating to deposition subpoenas which seek only business records demonstrates that the Legislature included a section 2020, subdivision (d) subpoena within the general category of 'oral depositions,' and intended the provisions of section 2025, including the hold in subdivision (b)(2) to apply." (56 Cal.App.4th at p. 21.) *California Shellfish* extended "deposition holds" to nonparties even though the code section never so stated expressly. That is because "sections 2025 and 2028 . . . are the general sections governing the procedures for oral and written depositions, and are applicable to depositions of party deponents and nonparty witnesses alike." (*Id.* at p. 23.)

The *California Shellfish, supra,* court saw no reason to create a harsher rule for nonparties than for parties. The court was concerned about the potential for abuse "[by a] calculating litigant [who] might conclude that it could benefit from the opportunity to access information it might not otherwise have . . . ." (56 Cal.App.4th at p. 24.) We agree. Our court has decried precisely a " 'gotcha' theory of waiver." (*O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563, 577 [69 Cal.Rptr.2d 389].) One of the running themes of the Discovery Act is to eliminate gamesmanship and streamline judicial involvement over discovery minutiae. (*Fairmont Ins. Co. v. Superior Court* (2000) 22 Cal.4th 245, 254-255 [92 Cal.Rptr.2d 70, 991 P.2d 156].) Here the unsuspecting Monarch left the hearing, in its words, "smarting from a blind side judicial salvo," even though it raised a timely objection to the document discovery.

Discovery procedures are generally less onerous for strangers to the litigation. That is because they are less likely to be represented by counsel,

familiar with the issues, or able to react with alacrity before responses are due. Why ask more of them than of represented parties? (See, e.g., 1 Cal. Civil Discovery Practice (Cont.Ed.Bar 1999) § 2.14, p. 55 ["While all discovery devices are available against a party, only deposition subpoenas can be directed to a nonparty. . . . [¶] The distinction between parties and nonparties reflects the notion that, by engaging in litigation, the parties should be subject to the full panoply of discovery devices, *while nonparty witnesses should be somewhat protected from the burdensome demands of litigation*." (Italics added.)].)[3]

 The trial court's ruling runs afoul of another central principle of discovery: Privileges are preserved unless the holders fail to object in a proceeding where they have standing and the opportunity to claim them. (Evid. Code, § 912, subd. (a); see *International Ins. Co.* v. *Montrose Chemical Corp.* (1991) 231 Cal.App.3d 1367, 1373, fn. 4 [282 Cal.Rptr. 783].) Proponents have the burden to move to compel answers that are not forthcoming. While the other side may seek a protective order to excuse the response "as a practical matter this is rarely done . . . because simply objecting raises the issue and shifts the burden of going to court to the other party!)" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1999) ¶ 8:191, pp. 8C-40 to 8C-41; see also *id.*, ¶ 8:606, p. 8E-61 [". . . a party *or witness* may wait until the deposition and raise objections at that time to the form or content of the subpoena, or to demands for production of privileged documents, etc." (Italics added.)].)

Despite our routine reluctance to review discovery rulings pretrial, we issue the instant writ to provide guidance on a matter of first impression. (*Kennedy v. Superior Court* (1998) 64 Cal.App.4th 674, 678 [75 Cal.Rptr.2d 373]; *Mannino v. Superior Court* (1983) 142 Cal.App.3d 776, 778-779 [191 Cal.Rptr. 163].) Monarch preserved the issue by making its position known to the court: "[R]ealizing that there was no necessity for frequent interruptions of the court," the Legislature in 1907 eliminated the requirement for formal exceptions to rulings. (*Horstman v. Krumgold* (1942) 55 Cal.App.2d 296, 299 [130 P.2d 721]; see Code Civ. Proc., § 647.)

The parties ask us to determine the application of the trade secrets privilege. We decline this invitation to serve as a law-and-motion panel on the first go-around, and leave this matter to the reasoned discretion of the trial court.

---

[3]We refuse to adopt a crabbed interpretation of *California Shellfish.* A contrary rule would give litigants a tactical incentive to deliberately delay naming a target as a party. Monarch itself was served with discovery as a nonparty but then brought in as a party once it responded.

Let a peremptory writ of mandate issue directing respondent court to vacate its orders granting the motion to compel further production and to set the matter for a new hearing on the grounds stated in the motion. No costs on appeal are awarded in these interim proceedings, but may be allowed to the side ultimately prevailing in the discretion of the superior court. This opinion is final 10 days after filing pursuant to rule 24(d) of the California Rules of Court, and our previously issued stay order is vacated at that time. The alternative writ is discharged.

Sills, P. J., and Bedsworth, J., concurred.