*33
 
 Opinion
 

 BROWN, J.
 

 The issue in this case is whether under Code of Civil Procedure section 2034,
 
 [1]
 
 which provides for discovery of expert witness information, a trial court may preclude a treating physician, designated as an expert witness, from testifying at trial regarding causation if no expert witness declaration was submitted on his behalf. We conclude section 2034 does not require the submission of an expert witness declaration for a treating physician, and reverse the judgment of the Court of Appeal.
 

 I. Factual and Procedural Background
 

 Plaintiff Faith Dawn Schreiber was involved in an automobile accident with Donald Wayne Kiser. Schreiber alleged she had suffered neck and back injuries as a result. Kiser subsequently died of causes unrelated to the accident, and Schreiber sued his estate and the City of Huntington Beach.
 

 During discovery, Schreiber designated as expert witnesses, but did not submit expert witness declarations for, seven treating physicians. In response to a motion
 
 in limine,
 
 the trial court ruled the physicians could “testify as percipient witnesses but not as experts.” At trial, Schreiber called two of the designated physicians as expert witnesses. As a result of the court’s ruling, these physicians were precluded from opining that Schreiber’s injuries were caused by the accident.
 

 The defense stipulated to Kiser’s negligence. The jury returned a defense verdict, specifically finding Kiser’s negligence did not cause Schreiber’s damages.
 

 The Court of Appeal affirmed. The court stated the ordinary role of a treating physician is to give percipient testimony regarding what he observed, concluded, and did. Once a treating physician offers opinion testimony regarding causation, he exceeds this ordinary role, and becomes a retained expert within the meaning of section 2034, subdivision (a)(2). Thus, an expert witness declaration is required. The court stated, “to the degree that Schreiber’s treating physicians were going to be used to show that her particular aches and pains were caused by the auto accident as distinct from some preexisting event, they . . . were going to offer opinion, not percipient, testimony. None of Schreiber’s experts actually observed the auto accident which . . . prompted her suit. Absent the required expert witness declaration the trial judge was thus thoroughly correct to preclude [causation] testimony.”
 

 
 *34
 
 Schreiber’s petition for rehearing was denied. We granted her petition for review.
 

 II. Discussion
 

 Under section 2034, subdivision (a), any party may demand the exchange of expert witness information. In this exchange, a party may provide either “[a] list setting forth the name and address of any person whose expert opinion that party expects to offer in evidence at the trial” or “[a] statement that the party does not presently intend to offer the testimony of any expert witness.”
 
 (Id.,
 
 subd. (f)(1)(A), (B).)
 

 For an expert witness who “is a party or an employee of a party,” or, as relevant here, “has been retained by a party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action” (§ 2034, subd. (a)(2)), “the exchange shall also include or be accompanied by an expert witness declaration . . . .”
 
 (Id.,
 
 subd. (f)(2);
 
 Bonds v. Roy
 
 (1999) 20 Cal.4th 140, 144 [83 Cal.Rptr.2d 289, 973 P.2d 66] [declaration requirement applies to
 
 “certain
 
 expert witnesses” (italics added)].) Failure to submit such a declaration may result in exclusion of the expert opinion. (§ 2034, subd. (j)(2).) The question here is whether a treating physician becomes a “retained” expert within the meaning of subdivision (a)(2), requiring the submission of an expert witness declaration, whenever the physician gives opinion testimony. (§ 2034, subds. (a)(2), (f)(2).) For the reasons that follow, we conclude he does not.
 

 At the outset, we note that the treating physicians in this case were designated as
 
 expert
 
 witnesses. (§ 2034, subds. (a)(1), (f)(1)(A).) By its terms, subdivision (f)(1)(A) requires “[a] list setting forth the name and address of any person
 
 whose expert opinion
 
 that party expects to offer in evidence at the trial.” (Italics added.) Thus, defendants were on notice at the time of the designation that plaintiff intended to offer opinion testimony by her treating physicians. Indeed, by definition, an “expert” witness is one entitled to give opinion testimony. Evidence Code section 801 provides that an expert’s opinion testimony must generally be “[r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact; and [¶] [b]ased on matter (including his special knowledge, skill, experience, training, and education) perceived by or personally known to the witness or made known to him . . . .” Thus, a treating physician does not
 
 become
 
 an expert only when nonpercipient opinion testimony is elicited.
 

 As noted, the declaration requirement applies to only “certain” expert witnesses, i.e., those who are parties, employees of parties, or are “retained
 
 *35
 
 by a party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial . . . (§ 2034, subd. (a)(2);
 
 Bonds v. Roy, supra,
 
 20 Cal.4th at p. 144.) A treating physician generally falls into none of these categories. This is explained in section 2034’s legislative history. Prior to the Civil Discovery Act of 1986, a party was required to describe the general substance of the expected testimony of every expert witness. (Former § 2037.3, as amended by Stats. 1982, ch. 1400, § 3, p. 5337.) That is no longer the case. As Professor Hogan, who was the Reporter for the State Bar/Judicial Council Joint Commission on Discovery that proposed the Civil Discovery Act of 1986, states, section 2034, subdivision (a)(1), does “require[] the designation [of] any expert that the parties to the exchange intend to use at trial, even if that expert’s knowledge and opinion has been acquired independently of the trial preparation activities of the side designating him.” (State Bar/Judicial Council J. Com. on Discovery, Proposed Cal. Civil Discovery Act of 1986, and Reporter’s Notes (Reporter’s Notes), notes on § 2034, subd. (a)(1), reprinted in 2 Hogan & Weber, Cal. Civil Discovery (1997) appen. C, p. 455.) Hence, treating physicians who will testify as experts must be listed, as they were in this case. However, unlike former section 2037.3, “[a]lthough any person who will be called at trial to give expert testimony must be included on [this] list . . . , the designation of an expert who is an employee of a party or has been specially retained to give expert testimony requires additional disclosure in the form of an expert witness declaration .... The limitation of this additional disclosure duty to employed or retained experts . . . makes a slight change in existing law. Since a percipient expert acquires his information independently of the party that expects to be calling him, such expert is more like a fact witness. . . . [I]t [has been] held that compelled disclosure of the anticipated testimony of fact witnesses constitutes an invasion of the absolute protection given by the work product doctrine to the thought processes of an attorney in preparation for trial.” (Reporter's Notes, notes on § 2034, subd. (a)(1), reprinted in 2 Hogan & Weber, Cal. Civil Discovery,
 
 supra,
 
 appen. C, p. 455.) “Such an expert would be someone who has acquired, independently of the litigation, personal knowledge of relevant facts, and whose training, skill, and experience enables him or her to form an opinion about those facts . . . .” (1 Hogan & Weber, Cal. Civil Discovery,
 
 supra,
 
 Expert Witness Disclosure, § 10.6, p. 543.)
 

 A treating physician is a percipient expert, but that does not mean that his testimony is limited only to personal observations. Rather, like any other expert, he may provide both fact and opinion testimony. As the legislative history clarifies, what distinguishes the treating physician from a retained expert is not the content of the testimony, but the context in which he became familiar with the plaintiff’s injuries that were ultimately the subject
 
 *36
 
 of litigation, and which form the factual basis for the medical opinion. The contextual nature of the inquiry is implicit in the language of section 2034, subdivision (a)(2), which describes a retained expert as one “retained by a party
 
 for the purpose
 
 of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action.” (Italics added.) A treating physician is not consulted for litigation purposes, but rather learns of the plaintiff’s injuries and medical history because of the underlying physician-patient relationship.
 

 The conclusion that treating physicians generally are not experts “retained” within the meaning of section 2034, subdivision (a)(2) is supported by subdivision (i)(2), and similar language in Government Code section 68092.5, subdivision (a).
 
 [2]
 
 These provisions clearly differentiate between the retained expert described in subdivision (a)(2), for whom an expert witness declaration is required, and a treating physician expert witness. Subdivision (i)(2) provides, “A party desiring to depose any expert witness, other than a party or employee of a party, who is either (A) an expert described in paragraph (2) of subdivision (a) except one who is a party or an employee of a party, (B)
 
 a treating physician and surgeon or other treating health care practitioner who is to be asked during the deposition to express opinion testimony, including opinion or factual testimony regarding the past or present diagnosis or prognosis made by the practitioner or the reasons for a particular treatment decision made by the practitioner,
 
 but not including testimony requiring only the reading of words and symbols contained in the relevant medical record or, if those words and symbols are not legible to the deponent, the approximation by the deponent of what those words or symbols are, or (C) an architect, professional engineer, or licensed land surveyor, who was involved with the original project design or survey for which he or she is asked to express an opinion within his or her expertise and relevant to the action or proceeding, shall pay the expert’s reasonable and customary hourly or daily fee for any time spent at the deposition . . . .” (Italics
 
 *37
 
 added.)
 
 [3]
 
 The implication of these sections is that expert witness treating physicians are not included within the meaning of subdivision (a)(2). (See
 
 Huntley
 
 v.
 
 Foster
 
 (1995) 35 Cal.App.4th 753, 754, 756 [41 Cal.Rptr.2d 358] [expert witness declaration not required for treating physician to give opinion testimony];
 
 Hurtado
 
 v.
 
 Western Medical Center
 
 (1990) 222 Cal.App.3d 1198, 1202-1203 [272 Cal.Rptr. 324] [plaintiff not required to produce treating physicians designated as experts for deposition because they were not “retained” within the meaning of subdivisions (a)(2) and (i)(2)].) Indeed, it would be difficult to interpret subdivision (a)(2) in a contrary fashion without rendering subdivision (i)(2) superfluous.
 

 Such a conclusion is also consistent with the discovery statutes as a whole. The identity and opinions of a party’s retained experts are generally privileged unless they are going tó testify at trial. (Kennedy & Martin, Cal. Expert Witness Guide (Cont.Ed.Bar 2d ed. 1999) § 10.6, p. 254.2.) Thus, were the physicians in this case consulted solely for the purpose of assisting counsel in, for example, assessing plaintiff’s injuries, their identity and opinions would generally not have been discoverable. If an expert’s opinion does not support the position of the hiring party, that party can effectively “bury” the witness by not calling the witness at trial and not otherwise disclosing his identity or opinion. (See 2 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1998) ¶ 8:1616.2, p. 8I-31 rev. #1 1996 [advising counsel to have consulting physician verbally report evaluation if opinion is negative and to instruct physician not to make written report to avoid disclosure of his identity and opinion under § 2032].)
 

 Moreover, whether a retained expert will testify need not be revealed until shortly before trial. (§ 2034, subd. (b) [“A party shall make this demand no later than the 10th day after the initial trial date has been set, or 70 days before that trial date, whichever is closer to the trial date.”].) It makes sense in this situation that the Legislature would require the person presenting the expert to submit an expert witness declaration. The information contained in this declaration
 
 [4]
 
 allows the parties to assess within a short time frame “whether to take the expert’s deposition, to fully explore the relevant subject
 
 *38
 
 area at any such deposition, and to select an expert who can respond with a competing opinion on that subject area.”
 
 (Bonds v. Roy, supra,
 
 20 Cal.4th at p. 147.)
 

 By contrast, the identity and opinions of treating physicians are not privileged. Rather, because they acquire the information that forms the factual basis for their opinions independently of the litigation, they are subject to no special discovery restrictions. (2 Hogan & Weber, Cal. Civil Discovery,
 
 supra,
 
 § 13.13, pp. 221-222;
 
 id.,
 
 § 13.14, pp. 222-224.) They can be identified early in the litigation through interrogatories, production of the plaintiff’s medical records, and completion of case questionnaires which by statute expressly ask for information regarding “treating physicians.” (§§ 93, subd. (c), 2030, 2031, 2032, subds. (i), (j).) Indeed, defendants have a strong incentive to depose treating physicians well prior to the exchange of expert information to ascertain whether their observations and conclusions support the plaintiff’s allegations. (See Kennedy & Martin, Cal. Expert Witness Guide,
 
 supra,
 
 § 10.8, pp. 255-256.) Conceivably, some treating physicians may ultimately become defense witnesses.
 

 Accordingly, the Legislature has apparently determined that by the time of the exchange of expert witness information, the information required by the expert witness declaration is unnecessary for treating physicians who remain in their traditional role.
 
 [5]
 
 This is evidenced by the fact that not all of the requirements of section 2034, subdivision (f)(2) regarding the content of an expert witness declaration apply to a treating physician. It seems unlikely the Legislature would create requirements for certain experts with which a party could never comply. For example, a treating physician does not work for the party, and hence it is possible he may not “agree[] to testify at the trial,” but have to be subpoenaed.
 
 (Id.,
 
 subd. (f)(2)(C).) A requirement that the expert has “agreed to testify” is understandable in the retained-expert context so that an opposing party knows the expert is sufficiently committed that it should expend the resources to depose the expert. Moreover, the party has no control over whether the treating physician “will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial.”
 
 (Id.,
 
 subd. (f)(2)(D.) Indeed, at this point in the
 
 *39
 
 litigation, the treating physician has probably already been deposed. In addition, the Legislature was apparently concerned that requiring counsel to provide “[a] brief narrative statement of the general substance of the testimony that the expert is expected to give” for treating physicians and other percipient experts would violate the work product doctrine.
 
 (Id.,
 
 subd. (f)(2)(B); Reporter's Notes, notes on § 2034, subd. (f)(2)(B), reprinted in 2 Hogan & Weber, Cal. Civil Discovery,
 
 supra,
 
 appen. C, p. 455.) Finally, our interpretation avoids assigning trial judges the near-impossible task of determining whether an expert witness treating physician is providing percipient or opinion testimony.
 

 Thus, rather than encouraging gamesmanship, the Civil Discovery Act of 1986 places litigants on roughly equal footing. To the extent a physician is retained “for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action,” his identity and opinions are generally privileged unless he testifies. (§ 2034, subd. (a)(2).) Should the physician testify, an expert witness declaration is required. On the other hand, to the extent a physician acquires personal knowledge of the relevant facts independently of the litigation, his identity and opinions based on those facts are not privileged in litigation presenting “an issue concerning the condition of the patient.” (Evid. Code, § 996; 1 Hogan & Weber, Cal. Civil Discovery,
 
 supra,
 
 § 8.19, p. 437; 2 Hogan & Weber, Cal. Civil Discovery,
 
 supra,
 
 § 12:11, p. 62;
 
 id.,
 
 § 12.24, pp. 110-111.) For such a witness, no expert witness declaration is required, and he may testify as to any opinions formed on the basis of facts independently acquired and informed by his training, skill, and experience. This may well include opinions regarding causation and standard of care because such issues are inherent in a physician’s work. An opposing party would therefore be prudent to ask a treating physician at his deposition whether he holds any opinions on these subjects, and if so, in what manner he obtained the factual underpinning of those opinions.
 

 Defendants rely on
 
 Plunkett v. Spaulding
 
 (1997) 52 Cal.App.4th 114 [60 Cal.Rptr.2d 377], which in dicta upheld the exclusion of the treating physicians’ standard of care testimony, stating, “expert witness declarations would not have been required if the treating physicians were expected to testify only as to their treatment of plaintiff, including diagnosis and prognosis. However, when in addition to this testimony they were asked to provide expert opinions on the standard of care that defendant should have used in treating plaintiff,” they became “retained” experts within the meaning of section 2034, subdivision (a)(2), and declarations were required. (52 Cal.App.4th at pp. 119-120.) To the extent
 
 Plunkett
 
 concluded a treating physician could never, regardless of the manner in which he obtained the
 
 *40
 
 factual basis of his opinion, testify as to standard of care without an expert witness declaration, we disagree for the reasons discussed above.
 

 Defendants assert that even if the trial court erred in precluding the doctors’ causation testimony, such error was not prejudicial. Because of its disposition, the Court of Appeal did not address this issue. We will therefore let it do so in the first instance. (See
 
 People v. Cahill
 
 (1993) 5 Cal.4th 478, 510 [20 Cal.Rptr.2d 582, 853 P.2d 1037].)
 

 Disposition
 

 The judgment of the Court of Appeal is reversed, and the case remanded to that court for further proceedings consistent with this opinion.
 
 [6]
 

 George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless otherwise indicated.
 

 [2]
 

 Government Code section 68092.5, subdivision (a), provides in relevant part: “A party requiring testimony before any court, tribunal, or arbiter in any civil action or proceeding from any expert witness, other than a party or employee of a party, who is either, (1) an expert described in paragraph (2) of subdivision (a) of Section 2034 of the Code of Civil Procedure, (2)
 
 a treating physician and surgeon or other treating health care practitioner who is to be asked to express an opinion during the action or proceeding,
 
 or (3) an architect, professional engineer, or licensed land surveyor who was involved with the original project design or survey for which he or she is asked to express an opinion within his or her expertise and relevant to the action or proceeding, shall pay the reasonable and customary hourly or daily fee for the actual time consumed in the examination of that witness by any party attending the action or proceeding.” (Italics added.)
 

 [3]
 

 At the time of trial in this case, subdivision (i)(2)(B) provided; “a treating physician and surgeon or other treating health care practitioner who is to be asked to express an opinion during the deposition.” (Stats. 1993, ch. 678, § 1, p. 3901.)
 

 [4]
 

 Section 2034, subdivision (f)(2)(A)-(E) requires the expert witness declaration to include:
 

 “(A) A brief narrative statement of the qualifications of each expert. [¶] (B) A brief narrative statement of the general substance of the testimony that the expert is expected to give. [¶] (C) A representation that the expert has agreed to testify at the trial, [¶] (D) A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial, [¶] (E) A statement of the expert’s hourly and daily fee for providing deposition testimony and for consulting with the retaining attorney.”
 

 [5]
 

 At oral argument, Schreiber’s counsel stated it is conceivable a treating physician or any other percipient expert could later become an expert “retained by a party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action . . . .” (§ 2034, subd. (a)(2).) We need not explore the parameters of such a metamorphosis in this opinion. Here, defendants do not contend the witnesses in question were not treating physicians. Rather, they contend that a causation opinion is per se outside the role of a treating physician because it requires information from the patient or other sources, and is not based solely on the physician’s personal observations.
 

 [6]
 

 Plunkett v. Spaulding, supra,
 
 52 Cal.App.4th 114, is disapproved to the extent it is inconsistent with this opinion.