[No. G030753. Fourth Dist., Div. Three. June 13, 2002.]

TOM FATICA et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THOMAS LILJEGREN, Real Party In Interest.

**COUNSEL**

Wentworth, Paoli & Purdy and William M. Delli Paoli for Petitioners.

No appearance for Respondent.

Silva, Clasen & Raffalow and Tioni A. Phan for Real Party in Interest.

**OPINION**

**THE COURT.**\*—Petitioners Tom and Nancy Fatica brought a personal injury action against Thomas Liljegren for injuries sustained in an automobile accident. Trial in this matter started this past Monday, June 10, 2002. Yesterday, June 12, 2002, petitioners filed this petition. We immediately stayed trial on the filing of the petition because it appeared from the petition that the superior court had erred in granting Liljegren's motion in limine. In addition, the order deprived petitioners of a fair and reasonable opportunity to present a substantial portion of their case, and petitioners would be severely prejudiced if we did not intervene. (See *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273-1274 [258 Cal.Rptr. 66].)

The pertinent facts are not complicated. Several months before trial, petitioners went to an orthopedic surgeon, Richard Mulvania, for treatment

---

*Before Sills, P. J., O'Leary, J., and Moore, J.

and ultimately back surgery. In accordance with Code of Civil Procedure section 2034, Mulvania was timely designated by petitioners as one of the expert witnesses they intended to call at the time of trial. (The other three experts are a vocational specialist expected to testify regarding loss of earnings, and two who are expected to testify regarding the accident and related events.)

Mulvania's deposition was taken on May 21, 2002. Real party in interest was permitted to fully depose him about his diagnosis, treatment, and opinion as to causation. Near the beginning of his deposition, though, Mulvania conceded he had not reviewed any of petitioners' records regarding prior medical treatment. He admitted receiving those documents, and that he intended to review them for trial; but, he pointed out that he testified "as little as possible" for his patients and had not had sufficient opportunity to review them. Surprisingly, counsel for real party in interest did not request that the deposition be continued, or that he be allowed to further depose Mulvania after he had reviewed these documents. Instead, he waited until the day of trial to file a motion in limine to prohibit Mulvania from testifying at all. Counsel's argument was that he was "unable to obtain complete and meaningful expert witness testimony" from Mulvania "due to his failure to review plaintiffs' medical records."

The court deferred a final ruling on the motion in limine, setting instead an Evidence Code section 402 hearing for the second day of trial. Although we were not provided with a reporter's transcript of that hearing, petitioners tell us Mulvania testified that he "reviewed the same additional documents after his deposition that he said he would," that after this review "none of his opinions expressed at the deposition had changed or been affected as a result of the additional review," and that "his testimony would not differ from his deposition testimony as a result of the review." Real party in interest does not dispute that this was the tenor of Mulvania's testimony.

Following the hearing, the court ruled that Mulvania would not be allowed to testify as to any opinions expressed at his deposition; he could only testify as a percipient witness. Petitioners tell us the court limited Mulvania's testimony "to what he heard, saw and did." The court denied petitioners' request for a temporary stay to permit writ review of the court's order. Petitioners' offer that real party in interest further depose Mulvania "to avoid any perceived prejudice" was rejected by counsel, and petitioners' request for a short adjournment to permit Mulvania to be further deposed was denied by the court.

It is clear that Mulvania is a treating physician. Indeed, it is a point real party in interest does not dispute. In *Schreiber v. Estate of Kiser* (1999)

22 Cal.4th 31, 35 [91 Cal.Rptr.2d 293, 989 P.2d 720], our Supreme Court stated that: "A treating physician is a percipient expert, but that does not mean that his testimony is limited to personal observations. Rather, like any other expert, he may provide both fact and opinion testimony." Later in its opinion, at 22 Cal.4th page 39, the Supreme Court held: "For such a witness, no expert witness declaration is required, and he may testify as to any opinions formed on the basis of facts independently acquired and informed by his training, skill, and experience. This may well include opinions regarding causation and standard of care because such issues are inherent in a physician's work. An opposing party would therefore be prudent to ask a treating physician at his deposition whether he holds any opinions on these subjects, and if so, in what manner he obtained the factual underpinning of those opinions."

It is clear from *Schreiber* that the superior court's order prohibiting Mulvania, a treating physician, from testifying as to his opinions was wrong as a matter of law. While motions in limine are commonly used tools of trial advocacy, they must not be misused. (See *O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563, 578 [69 Cal.Rptr.2d 389].) Similarly, while trial courts are responsible for managing their cases so as to avoid unnecessary delay, they must not elevate misguided notions of efficiency (e.g., a speeded-up trial, or a settlement forced on a party who has been deprived of a key witness) over due process.

This trial court's apparent rush to preclude petitioners from presenting critical expert opinion testimony is alarming. Instead of gutting petitioners' case (for what was, at best, a minor infraction that was correctable), there were reasonable alternatives. For example, to the extent the order may reflect the trial court's belief Mulvania "sandbagged" defendant's counsel by not being fully prepared for his deposition, the court could have (and may still) order Mulvania to submit to a further deposition on such terms and conditions (but not sanctions) as are appropriate.[1]

On the filing of the petition, real party in interest was provided with notice the court was considering issuing a peremptory writ, and was afforded an opportunity to oppose the petition, which he did. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180 [203 Cal.Rptr. 626, 681 P.2d 893].) Accordingly, let a writ of mandate issue directing the superior court to vacate its order granting the motion in limine and to enter a different order denying it. This court's order staying the trial in this matter is

---

[1]As we were preparing to file our opinion, the clerk of this court received a telephone call from one of the attorneys to the proceeding indicating the trial court had just declared a mistrial. Given the trial court proceedings were stayed while we considered the petition, the lower court was without jurisdiction to make such an order. In short, the petition is not moot.

dissolved. Petitioners are awarded their costs in this proceeding. (Cal. Rules of Court, rule 56.4(a).)