Filed 4/16/14  Stafford v. Dille CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LOUISE STAFFORD, | B246291 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC091294) |
| v. | |
| ROBERT NICHOLS DILLE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Law Office of Leo James Terrell, Leo James Terrell for Plaintiff and Appellant.

Demler, Armstrong & Rowland, Robert W. Armstrong and David A. Ring for Defendants and Respondents.

Louise Stafford (appellant) sued respondents Robert and Teresa Dille (together referred to as respondent) for injuries she allegedly sustained in a minor rear-end automobile accident. Respondents admitted liability. The case was tried to a jury, which awarded appellant no damages.

Appellant appeals the judgment based on several purported errors at trial. After reviewing the record, we determine that appellant has failed to establish any reversible error, and so affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises out of an automobile accident which occurred on the morning of October 14, 2008 on the transition road at the interchange of the 101 and 405 freeways in the San Fernando Valley. Immediately prior to the accident, traffic was at a complete stop. Appellant, who was 79 years old and driving a Mercedes Benz E-500 automobile, was driving directly in front of respondent Teresa Dill, who was driving a Volvo V70 wagon. Traffic was moving at a speed never exceeding 5 miles per hour. When appellant applied the brakes, respondent failed to brake quickly enough, and after slowing to two miles per hour, struck the back of appellant's vehicle. Both drivers pulled over to the side of the transition ramp and examined their vehicles for damages, but none was observed. Appellant did not say she was injured. Neither party called the police or the paramedics, or requested that the other party do so. It turned out that both vehicles suffered minor damage.

A few hours after the accident, appellant, at her daughter's insistence, went to the Encino Medical Center's Emergency Room. She was seen by Dr. Victor Lopez-Cuenca, who after examining her found that appellant had some tenderness in her neck. Since appellant expressed uncertainty as to whether she had lost consciousness in the accident,

---

[1]    In accordance with the usual rules of appellate review, we summarize the evidence in the light most favorable to the judgment. (*Boeken v. Phillip Morris* (2005) 127 Cal.App.4th 1640, 1658.)

Dr. Lopez-Cuenca ordered a CT scan of her brain as well as cervical and thoracic spine x-rays and an electrocardiogram. The scan did not confirm any fractures, but did suggest the possibility of a compression fracture and noted that for further evaluation a bone scan could be obtained. Appellant, however, chose not to do so. Dr. Lopez-Cuenca's diagnosis was that appellant was suffering from a sprained neck. He could not opine to a reasonable degree of medical certainty that the accident was the cause of the sprained neck, but it appeared to be.

Appellant did not request a referral to a follow-up doctor nor consult with any other physician (other than family members) until some eleven months after the accident, when she consulted with her family physician, Dr. Froch. She also did not receive physical therapy for her sprained neck. Appellant never made Dr. Froch aware that she had been in an automobile accident in October of 2008. She told him that she was reasonably active, managing apartment buildings and climbing stairs.

Since the time of the accident, appellant also consulted with a neurologist, Dr. Ian Purcell, for "thoracic pain syndrome." Appellant informed Dr. Purcell that she had been in a motor vehicle accident nearly three years earlier, and that it had caused pain which had become worse shortly after the accident. Dr. Purcell noted that a thoracic spine MRI, which he had ordered, showed degenerative changes common to persons of appellant's age, as well as small areas of disc herniation. He could not state to a reasonable degree of medical certainty that any of his findings were related to the October 2008 automobile accident, and he had no opinion to any reasonable degree of medical certainty that the accident was the cause of appellant's pain. The problems he observed were degenerative.

On September 29, 2010, appellant filed a complaint against respondent seeking general damages based on allegations of negligence. On February 15, 2011, the court scheduled a jury trial for January 30, 2012.

After several continuances, a trial date of October 22, 2012 was set. On October 19, 2012, appellant filed an ex parte motion seeking a further continuance. In the application, counsel for appellant apprised the court that she felt she did not have

3

enough trial experience to try the case without co-counsel, and though she had obtained co-counsel, he needed a continuance in order to familiarize himself with the case. The motion specifically requested a continuance to November 5, 2012, or 60 days. At the ex parte hearing, the court said that trial would commence on November 5, 2012. The ex parte motion did not include a request to re-open discovery.

The trial commenced on November 5, 2012. Because respondent had admitted liability, the only issue in dispute was appellant's claim for damages based on the bodily injuries she allegedly suffered as a result of the accident.[2] On November 2, 2012, respondent filed her "Motion in Limine #5" seeking a court order excluding any opinion testimony of appellant's expert Ian Purcell, M.D. as to any injury or condition caused by the accident, based on her contention that any such opinion would be based on speculation and conjecture. The court denied the motion.

After appellant rested her case, respondent orally moved for a directed verdict, including on the issue of economic damages, arguing that not only was there no evidence that appellant's medical expenses were necessary and reasonable, but there was no evidence that she had any medical expenses.[3] She also moved to strike all testimony of appellant's witnesses concerning her pain, symptoms or condition, since there was no evidence these were the result of the collision with respondent.

The court granted a partial directed verdict on the issue of economic damages and denied the request as to appellant's claim of non-economic damages, stating the Dr. Lopez-Cuenca's testimony concerning appellant's report of neck pain in the emergency room was sufficient to support an award of non-economic damages. The court granted respondent's motion to strike all testimony concerning appellant's pain symptoms, except as it concerned an injury to her neck. Later on that same day the case

---

[2]     The property damage claim was apparently resolved prior to trial.

[3]     No other economic damages were claimed. As noted above, the complaint sought only general damages.

4

went to the jury.  After an extremely short deliberation, the jury returned a unanimous verdict, finding that appellant suffered no non-economic damages as a result of the accident.  Judgment was entered on November 21, 2012.

Appellant timely filed her Notice of Appeal.

CONTENTIONS

In her opening brief, appellant identifies two issues presented on this appeal:   (1) "Whether the trial court erred by not continuing the trial and reopening discovery so that Appellant can obtain evidence to relate her injuries to the accident," and (2) "Whether the trial court erred by granting Respondent a partial directed verdict, instructing the jury to strike and disregard all testimony relating to any pain Appellant suffered and medical treatment received other than to Appellant's neck."

DISCUSSION

1.  *Appellant's request to continue the trial and to reopen discovery*

On October 19, 2012, appellant filed an ex parte application for an order continuing trial "until November 5, 2012 or 60 days."  Appellant maintains that, after four previous continuances, the trial court erred by not continuing the trial and reopening discovery to allow her "the opportunity to obtain necessary evidence to relate her injuries to the accident, . . ."

The trial court's ruling is reviewed for an abuse of discretion.  (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.)  Appellate courts will disturb discretionary trial court rulings only upon a showing of "a clear case of abuse" and "a miscarriage of justice."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)  "The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest

5

the trial court of its discretionary power." (*Denham v. Superior Court, supra,* 2 Cal.3d at p. 566.)

The record on appeal clearly shows that (a) appellant's ex parte notice did not include a statement that she intended to ask the court to allow her to engage in additional discovery; and (b) appellant's motion to continue the trial did not include a request to reopen discovery. The motion stated: "For the following reasons, Plaintiff respectfully requests that this court continue the trial in this case until November 5, 2012 or 60 days, a relatively short continuance." The record shows that the court in fact did advance the trial date to November 5, 2012, and appellant's counsel agreed that this satisfied her request to continue the trial. Trial commenced on November 5, 2012. Thus, appellant obtained the continuance she requested, and can claim no error in the trial court's ruling on her continuance request.

Appellant's assignment of error seems to be premised on notion that the trial court had a sua sponte duty to advise appellant that her medical evidence was inadequate. She asserts, for example, that "There is . . . no doubt that the trial court was fully aware prior to the commencement of trial that Appellant's attorneys did not obtain the necessary evidence to relate the accident to Appellant's injuries and fracture of the T9 vertebrae. Instead of continuing the trial, reopening discovery so that Appellant can have the opportunity to obtain evidence to relate the accident to Appellant's injuries, the trial court allowed the jury trial to proceed, which all but guaranteed a verdict for Respondent." However, it was not the province of the trial court to alert appellant to her counsel's inadequate preparation for trial, and indeed, appellant had the opportunity, between the time the lawsuit was filed in September 2010 and the time of trial in November 2012, "to obtain evidence to relate the accident to Appellant's injuries."[4] In short, appellant has failed to establish that the trial court abused its discretion.

_____

[4]     *Sanchez v. Bay General Hosp.* (1981) 116 Cal.App.3d 776, the sole case which appellant cites to argue that she should have been allowed to reopen discovery, affirmed

6

2. *The trial court's rulings on respondent's motion for a directed verdict and motion to strike certain testimony of appellant's witnesses*

After appellant rested her case, respondent moved for a directed verdict on the ground that there was no evidence to a reasonable degree of medical certainty that appellant was injured in the accident, and no evidence of special medical damages or their reasonableness and necessity. Respondent also moved to strike all testimony regarding appellant's pain, arguing that evidence of appellant's pain was irrelevant in the absence of evidence that it was caused by the accident. The trial court denied the motion for a directed verdict, finding the testimony of Dr. Lopez-Cuenca sufficient to allow the jury to consider causation of the neck sprain, but granted the motion to strike all testimony unrelated to the neck because appellant had failed to establish any causal connection between any such conditions or symptoms and the accident. Later, during a discussion of jury instructions, appellant's counsel agreed that there were no economic damages, and did not object when the trial court said it would instruct the jury to enter "zero" on the verdict form in answer to the question regarding the amount of economic damages. Thus, the court in effect granted a partial directed verdict on the issue of economic damages. In addition, the court granted respondent's motion to strike all testimony of the medical doctors, except as it related to an injury to appellant's neck. Appellant contends that the trial court erred in granting a partial directed verdict on the issue of economic damages, and in granting respondent's motion to strike. We discuss each contention below.

a. *The ruling on the directed verdict*

A directed verdict is subject to de novo review. (*Brassinga v. City of Mountain View* (1998) 66 Cal.App.4th 195, 210.) "'[T]he power of the court to direct a verdict is

the trial court's refusal to reopen discovery mid-trial, and thus does not support her contention.

absolutely the same as the power of the court to grant a nonsuit.' (*Estate of Lances* (1932) 216 Cal. 397, 400.)  'A motion for a directed verdict "is in the nature of a demurrer to the evidence, and is governed by practically the same rules, and concedes as true the evidence on behalf of the adverse party, with all fair and reasonable inferences to be deduced therefrom."' (*Id.* at pp. 400–401, quotation marks omitted.)" (*Ibid.*)

Here, appellant did not claim any economic damages in her complaint, submitted no evidence as to the amount of her medical expenses, much less whether such expenses were reasonable and necessary, and conceded at trial that there were no economic damages for the jury to consider.  Thus, the court did not err in instructing the jury to enter "zero" on the special verdict form for past and future medical expenses.

### b.  *The ruling on the motion to strike*

This court reviews the trial court's evidentiary rulings for an abuse of discretion. (See, e.g., *Schall v. Lockheed Missiles & Space Co.* (1995) 37 Cal.App.4th 1485, 1487 [abuse of discretion standard applies where non-suit is based on evidentiary ruling, except as to pure questions of law].)  The law vests broad discretion in the trial court to decide the relevance and admissibility of evidence.  (*Mesnick v. Caton* (1986) 183 Cal.App.3d 1248, 1262; see also Evid. Code, § 352.)

A personal injury plaintiff bears the burden as to each element of her cause of action, including causation.  In this case, appellant claimed that she suffered non-economic damages – that is, pain and suffering – as a result of respondent's negligence in rear-ending her automobile.  Thus, appellant was required to establish by expert medical opinion to a reasonable degree of medical certainty that the accident or injury in question was a substantial factor in bringing about her injuries; a mere possibility is not sufficient. (*Jones v. Ortho* (1985) 163 Cal.App.3d 396, 402.)  Such testimony may be provided by a treating physician based on personal knowledge acquired through treatment and care outside the litigation as part of the physician-patient relationship.  (*Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31, 34-36.)

8

Here, appellant presented no expert medical opinion to causally link the back pain she experienced to the automobile accident. Her three treating physicians could not testify to a reasonable degree of medical certainty that appellant was injured in the accident, although the emergency room physician noted that she complained of tenderness in her neck. Respondent had sought, through a motion in limine, to exclude the testimony of one of those treating physicians, Dr. Purcell, a neurologist appellant first consulted nearly three years after the accident; the doctor had testified at his deposition that he was not prepared to testify to a reasonable degree of medical certainty that any injury or condition was caused by the October 2008 accident. At trial, the court remarked that, in light of Dr. Purcell's testimony that "he has no opinions that he can make to a reasonable degree of medical certainty, I have no idea what possible relevance his testimony is going to have." Ultimately, the court permitted Dr. Purcell to testify as to his treatment of appellant's degenerative spine condition, "to see if he can somehow draw a nexus between his treatment of a degenerative condition and the accident within the boundaries of what he testified to at his deposition." The court specifically noted that the evidence was received "subject to the motion to strike, which means I am not granting a motion to strike but I might in the future." When Dr. Purcell admitted that he had no opinion to a reasonable degree of medical certainty that any injury was caused by the accident, respondent again moved to strike all of his testimony. The motion was taken under submission.

The court then permitted appellant to introduce the testimony of her husband and daughter, to offer "statements with regard to what they did – what they saw in the patient, her complaints, and what they did for her." The court again questioned the relevance of any testimony regarding appellant's condition offered by these witnesses in the absence of expert medical testimony which tied the reported conditions to the accident. An additional treating physician, Dr. Froch, did not testify as to causation of injury, and Dr. Lopez-Cuenca, the emergency room doctor who examined appellant on the day of the

9

accident, confirmed that he could not testify to a reasonable degree of medical certainty that plaintiff was injured in the accident.

After the conclusion of the foregoing testimony, the trial court granted respondent's motion to strike all testimony unrelated to an injury to the neck, because appellant had failed to establish any causal connection between the accident and any conditions or symptoms other than the neck pain she reported to Dr. Lopez-Cuenca in the emergency room. The court did not err in granting the motion.

The trial court warned appellant that it would strike all testimony concerning care, conditions and injuries that was unsupported by expert causation testimony, but allowed Drs. Purcell, Froch and Lopez-Cuenca, as well as appellant's husband and daughter, to testify about appellant's post-accident conditions, symptom and injuries. When appellant rested after having elicited no expert testimony on causation, the trial court granted respondent's motion to strike. In this the court did not err, for without such testimony, evidence regarding appellant's conditions, symptoms and limitation had no "tendency in reason to prove or disprove any disputed fact [] of consequent to the determination of [the] action" (Evid. Code, § 210), and only relevant testimony is admissible. (Evid. Code, § 350.) That is to say, testimony regarding physical problems appellant may have experienced after the accident were not effectively tied to the accident by expert testimony, and were thus irrelevant. Consequently, it was well within the trial court's discretion to strike this evidence, as appellant failed to meet her burden of establishing its relevance.

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]


We concur:



TURNER, P. J.



KRIEGLER, J.

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.