Filed 4/12/16  McBane v. Wilks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| SCOTT MCBANE, | C078721 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2012-00118653-CU-MM-GDS) |
| v. | |
| ALTON WILKS et al., | |
| Defendants and Respondents. | |

Plaintiff Scott McBane sued Alton Wilks, Hienvu Nguyen, and others for medical malpractice.  Defendants made a demand for exchange of expert witnesses and disclosed their experts.  (Code Civ. Proc., § 2034.210.)[1]  McBane did not.  Instead, McBane sought by ex parte application to quash defendants' disclosure on the grounds that both the demand and the disclosure were untimely because service was by mail.  The trial court

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

1

granted this ex parte application as an order shortening time for a motion to submit tardy expert witness disclosure. (§ 2034.710.) The trial court subsequently denied McBane's motion for tardy disclosure, finding defendants' demand and disclosure were timely and McBane failed to meet the requirements of section 2034.720. After successfully moving to exclude McBane's expert testimony, defendants moved for nonsuit on the basis that he could not prove his medical malpractice case without expert testimony. The trial court granted the judgment of nonsuit.

McBane appeals from the judgment. On appeal, he renews his argument that both the defendants' demand for an exchange of expert witnesses and their disclosure were untimely. He argues that although both were served by the statutory deadline, they should have been served five days earlier because service was by mail. He further contends the trial court erred in denying his motion for tardy disclosure because he was not required to disclose his treating physicians as experts. We find no merit in these contentions and affirm.

## BACKGROUND

In November 2012, McBane brought suit against Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., Hienvu Nguyen, D.M.P., and Alton Wilks, D.P.M. for medical malpractice. McBane alleged defendants were negligent in their care and treatment after he presented at the emergency room with a small abscess on his right foot. He alleged that he was discharged after the first surgery with an open, infected wound; a bone was cut during a second surgery on his foot; and defendants failed to provide proper diagnosis and adequate follow-up care. Their negligent care and treatment resulted in injuries, including amputation of McBane's right foot, the loss of toes on his left foot, and the loss of sight in both eyes.

A trial date was set for December 16, 2014. On October 7, 2014, 70 days before trial, defendants served McBane with a demand for the exchange of expert witness information. Service was by mail. McBane did not respond. Defendants served their

disclosure of expert witnesses on October 27, 2014, 50 days before trial. Service was by mail and electronic mail.

An unsuccessful settlement conference began November 3 and ended November 18, 2014.

On November 24, 2014, McBane filed an ex parte application for an order to quash defendants' disclosure of expert witnesses, on the ground that both the demand for the exchange and the disclosure were untimely. McBane argued that since service of both the demand and the disclosure were by mail, defendants should have served them five days earlier under the provisions of section 1013.[2] He argued since the demand was not served timely, it was moot and defendants were precluded from calling expert witnesses.

The trial court construed McBane's application as one for an order shortening time for a motion to submit tardy expert disclosure pursuant to section 2034.710 and granted it. McBane had noticed the hearing (now on the motion for tardy disclosure) for December 8, 2014, only eight days before trial.

McBane filed a motion to submit tardy disclosure of experts. He noted that "[d]uring the ex parte application hearing, the Court pointed out that Counsel for plaintiff's interpretation of the law, [as to timely service by mailing], was not correct." McBane argued his "failure to submit expert witness information was based on mistake, inadvertence, surprise or excusable neglect."

McBane disclosed his expert witnesses on November 30, 2014.

The trial court denied McBane's motion for tardy disclosure of experts. It found his motion did not comply with section 2034.030 or section 2034.710, and McBane failed to show relief was appropriate under section 2034.720.

---

[2] We discuss this section as well as the sections regulating disclosure of expert witnesses in detail within the Discussion portion of this opinion, *post*.

3

Defendants moved in limine to exclude McBane's expert testimony. The trial court granted the motion.

Defendants moved for a judgment of nonsuit after McBane's opening statement, contending McBane was precluded from offering expert testimony and he could not prove breach of the standard of care without such testimony. The trial court requested briefing on whether the doctrine of res ipsa loquitur applied. After concluding the doctrine did not apply and that McBane could not offer any expert testimony, the trial court granted a judgment of nonsuit.

## DISCUSSION

### I

*Defendants' Demand for Exchange of Expert Witness Information and*
*Disclosure of Expert Witness Information Were Timely*

A. *Statutory Scheme for Exchange and Disclosure of Experts*

The purposes of California's discovery statutes are "to assist the parties and the trier of fact in ascertaining the truth; to encourage settlement by educating the parties as to the strengths of their claims and defenses; to expedite and facilitate preparation and trial; to prevent delay; and to safeguard against surprise. [Citation.]" (*Beverly Hospital v. Superior Court* (1993) 19 Cal.App.4th 1289, 1294.)

There are strict provisions concerning the discovery of expert witnesses and information. "After the setting of the initial trial date for the action, any party may obtain discovery by demanding that all parties simultaneously exchange information concerning each other's expert trial witnesses to the following extent: [¶] (a) Any party may demand a mutual and simultaneous exchange by all parties of a list containing the name and address of any natural person, including one who is a party, whose oral or deposition testimony in the form of an expert opinion any party expects to offer in evidence at the trial." (§ 2034.210.) "A party shall make this demand no later than the 10th day after the

4

initial trial date has been set, or 70 days before that trial date, whichever is closer to the trial date." (§ 2034.220.)

"The demand shall specify the date for the exchange of lists of expert trial witnesses, expert witness declarations, and any demanded production of writings. The specified date of exchange shall be 50 days before the initial trial date, or 20 days after service of the demand, whichever is closer to the trial date, unless the court, on motion and a showing of good cause, orders an earlier or later date of exchange." (§ 2034.230, subd. (b).)

These strict procedures of the expert discovery statute "demonstrate that the Legislature intended to allow sufficient time before trial for experts to be identified so that the subject matter of their expected testimony can be fully explored at a deposition." (*Bonds v. Roy* (1999) 20 Cal.4th 140, 146.) "Indeed, the very purpose of the expert witness discovery statute is to give fair notice of what an expert will say at trial." (*Ibid*.) There is a greater need for pretrial discovery of expert witnesses than for ordinary fact witnesses to allow the other parties to prepare for effective cross-examination of the experts' specialized knowledge and to marshal evidence to rebut their opinions. (*Id.* at p. 147.)

B. *Effect of Section 1013*

The parties agree that defendants served by mail their demand for exchange of expert information on October 7, 2014, 70 days before the trial date, as required by section 2034.220. They further agree that defendants disclosed their experts by mail on October 27, 2014, 50 days before the trial date, as required by section 2034.230, subd. (b).[3] Nonetheless, McBane contends both the demand and the disclosure were untimely

---

[3] Defendants point out that service was also by e-mail. McBane responds that he never consented to electronic service as required by rule 2.251 of the California Rules of Court.

because in both cases the service was by mail. He contends that under section 1013, both documents should have been served five days earlier.

Subdivision (a) of section 1013 provides in part: "In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California . . . ."

Under section 1013, when service is by mail, "[s]ervice is complete at the time of the deposit." Thus, defendants timely served the demand and the disclosure by depositing them in the mail within the statutory time limits. The five-day extension under section 1013 applies not to the date of service, but to "the time for responsive action by a party to a lawsuit served by mail with a 'notice or other paper.' " (*California Accounts, Inc. v. Superior Court* (1975) 50 Cal.App.3d 483, 484.)

Because both defendants' demand for exchange and disclosure of experts were timely, the trial court did not err in denying McBane's motion to quash each. Further, the proper procedure to attack timeliness of a demand to exchange information concerning expert witnesses is not an ex parte application, but a *prompt* motion for a protective order to quash the demand because it was not timely served. (§ 2034.250, subds. (a) & (b)(1).)

---

Because we find the service by mail was timely, we need not address the electronic service.

6

## II

### *The Trial Court Properly Denied McBane's Request for*
### *Tardy Disclosure of Expert Witnesses*

A.  *Statutory Scheme for Tardy Disclosure of Experts*

Section 2034.710 allows the trial court, "[o]n motion of any party who has failed to submit expert witness information on the date specified in a demand for that exchange," to "grant leave to submit that information on a later date," but provides such a motion "shall be made a sufficient time in advance of the time limit for the completion of discovery . . . to permit the deposition of any expert to whom the motion relates to be taken within that time limit.  Under exceptional circumstances, the court may permit the motion to be made at a later time."

The court, however, may grant leave to submit tardy expert witness information *only* if *all* of certain conditions are met.  (§ 2034.720.)  The court must (1) take into account the opposing party's reliance on the absence of disclosure; (2) determine whether the opposing party will be prejudiced; (3) determine whether the moving party failed to submit the information due to mistake, inadvertence, surprise or excusable neglect, sought leave to submit the information promptly upon learning of the mistake, inadvertence, surprise or excusable neglect, and promptly thereafter served the proposed expert witness list; and (4) condition the order upon the moving party making the expert immediately available for deposition and other terms as may be just.  (*Ibid*.) "Conversely, the trial court *shall not* grant leave to submit late expert witness information if *any* of the statutory conditions are not satisfied.  (*Cottini v. Enloe Medical Center* (2014) 226 Cal.App.4th 401, 421 (*Cottini*).)

McBane's motion for tardy disclosure was defective for several reasons, as the trial court found.  First, it was late and made no showing of exceptional circumstances to excuse the lateness.  Under section 2024.030, "[a]ny party shall be entitled as a matter of right . . . to have motions concerning [expert witness] discovery heard on or before the

7

10th day, before the date initially set for the trial of the action." "Thus, if a party properly notices a discovery motion to be heard on or before the discovery motion cutoff date, that party has a *right* to have the motion heard. By negative implication, a party who notices a discovery motion to be heard *after* the discovery motion cutoff date does not have a right to have the motion heard." (*Pelton-Shepherd Industries, Inc. v. Delta Packaging Products, Inc*. (2008) 165 Cal.App.4th 1568, 1586.) Here, the trial date was set for December 16, 2014. McBane noticed his motion to submit tardy disclosure of expert witnesses for December 8, 2014. This date was less than 10 days before trial and thus too late.

Section 2034.710 permits a court to allow a later motion "[u]nder exceptional circumstances." McBane's motion did not address its timeliness, and made no showing of exceptional circumstances.

Second, McBane failed to satisfy--or even attempt to satisfy--the conditions of section 2034.720. He claimed his failure to make a timely disclosure was due to the mistake, inadvertence, surprise, or excusable neglect based on his erroneous interpretation of section 1013 (an interpretation he continues to advance on appeal, thus undercutting his claim it was a mistake or excusable neglect). Whether a mistake of law constitutes excusable neglect depends on "the reasonableness of the misconception and the justifiability of lack of determination of the correct law." (*Brochtrup v. Intep* (1987) 190 Cal.App.3d 323, 329.) McBane has never offered authority for his novel interpretation of section 1013, an interpretation that is contrary to the plain language of the statute. The trial court found: "Plaintiff's counsel's erroneous interpretation of straightforward discovery procedures was not the result of mistake, inadvertence, surprise or excusable neglect." We find no abuse of discretion in this finding. (See *Robbins v. Los Angeles Unified School Dist*. (1992) 3 Cal.App.4th 313, 319 [trial court did not abuse its discretion in finding mistake in law was insufficient to constitute excusable neglect].) McBane offered no other reason for his failure to make a timely disclosure. Further,

8

McBane failed to even address the remaining conditions for late disclosure, reliance, prejudice, prompt disclosure, and making his experts immediately available for deposition.

This case is similar to *Cottini, supra,* 226 Cal.App.4th 401. There, plaintiff failed to make a timely disclosure of experts, instead pursuing a meritless motion to disqualify defendant's lawyers. This court found the trial court properly denied plaintiff's motion for tardy disclosure. First, the motion was untimely and there were no exceptional circumstances. (*Id.* at p. 420.) Further, plaintiff's failure to submit expert witness information was not due to mistake, inadvertence, surprise, or excusable neglect; "It was gamesmanship." (*Id*. at p. 422.)

" 'Late disclosure of experts . . . frustrates the very purposes of the discovery statutes, and should be permitted, with appropriate safeguards and limits, only when absolutely necessary to avoid a miscarriage of justice.' [Citation.]" (*Bonds v. Roy, supra,* 20 Cal.4th at p. 147.) The trial court did not err in denying McBane's motion for a tardy disclosure of experts.

B. *Disclosure of Treating Physicians as Experts*

McBane contends he was not required to disclose as experts his treating physicians. He relies on *Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31 (*Schreiber*). That reliance is misplaced.

In *Schreiber*, plaintiff designated as experts seven treating physicians during discovery, but did not provide expert witness declarations for them. Our Supreme Court held that no expert declaration was required for a treating physician to testify as to his opinion of causation and standard of care. (*Schreiber, supra,* 22 Cal.4th at p. 39.) A party must, however, disclose the treating physician who will testify as an expert. (*Id*. at p. 35.) "Retained experts must be designated, and the designation must be accompanied by the 'expert witness declaration' described in section [2034.260, subdivision (c)]. But treating physicians are not 'retained experts' within the meaning of section [2034.210,

9

subdivision (b)], and no expert declaration is required when a party intends to call a treating physician for the purpose of eliciting expert testimony; *it is sufficient if a treating physician is identified by name and address in the proponent's designation of expert witnesses*." (*Kalaba v. Gray* (2002) 95 Cal.App.4th 1416, 1422-1423 (*Kalaba*), italics added.)

McBane argues that it was unnecessary to disclose his treating physician, Dr. Warford, because defendants were aware of his identity and his opinion as Dr. Warford had provided a declaration in opposition to defendants' motion for summary judgment. That declaration opined that Drs. Nguyen and Wilks acted below the standard of care in treating McBane. A similar argument was rejected in *Kalaba, supra,* 95 Cal.App.4th 1416. In that medical malpractice case, plaintiff disclosed two experts and reserved the right to call as potential experts any examining or treating physicians. (*Id.* at p. 1418.) Later, she informed the court she intended to call three treating physicians who had been identified in her deposition or answers to interrogatories. The trial court granted defendant's motion to exclude the testimony of these three doctors. Without an expert to testify that defendant acted below the standard of care, the court granted the motion for nonsuit. (*Id.* at p. 1419.) The appellate court affirmed. "[T]he trial court acts within its discretion when it excludes expert testimony by the non-designated doctors." (*Id.* at p. 1423.) It noted the particular need to designate all experts in medical malpractice cases where it may be "both unnecessary and prohibitively expensive" to depose all treating physicians, "notwithstanding the need to depose all experts." (*Id.* at pp. 1424, 1423.) Here, defendants were not given adequate notice of the need to depose Dr. Warford. That Dr. Warford provided an earlier declaration did not eliminate the need to depose him as deposition testimony may differ from statements in a declaration. (See *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21.)

10

McBane was not required to submit an expert declaration for any treating physician he intended to call as an expert, but he was required to disclose such physician as an expert.  He failed to make the required disclosure.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover costs on appeal.  (See Cal. Rules of Court, rule 8.278(a).)


                                         /s/
                                   Duarte, J.


We concur:


     /s/
Hull, Acting P. J.


     /s/
Butz, J.

11