[No. G008071. Fourth Dist., Div. Three. Aug. 14, 1990.]

PRISCILLA HURTADO, Plaintiff and Appellant, v.
WESTERN MEDICAL CENTER et al., Defendants and
Respondents.

COUNSEL

Edward G. Spilsbury for Plaintiff and Appellant.

Rinos, Packer & Ahrens, Michael R. Packer and Lynne P. Pietz for Defendants and Respondents.

OPINION

**WALLIN, J.**—Priscilla Hurtado appeals the judgment of dismissal of her medical malpractice complaint following her failure to comply with an order to produce experts for deposition and to pay sanctions. She claims under the Civil Discovery Act of 1986 she has no burden to produce experts designated by her but not "retained . . . for the purpose of forming and

expressing an opinion . . . ." (Code Civ. Proc., § 2034, subd. (a)(2).)[1] She argues because the original order to produce experts was contrary to statute, the accompanying monetary sanction order and a subsequent sanction order excluding the experts' testimony were invalid. She further argues that to the extent the dismissal order was a discovery sanction it is likewise invalid; she claims in any event the dismissal was an abuse of discretion. We agree the discovery order and subsequent discovery sanctions were invalid; however, the court properly dismissed the case under California Rules of Court, rule 226. Accordingly, we affirm.

Hurtado filed her complaint for medical malpractice against Western Medical Center, Doctors Leon Goldberg and Kenneth Krause, and others in April 1984. In May 1988 defendants served plaintiff with a demand for exchange of expert trial witness information. (§ 2034, subd. (a).) Several days later, Hurtado responded, designating Drs. DeRitter, Mayeda and Montelongo as her treating physicians.

On June 9, defendants served by mail notices of deposition of the three doctors. Hurtado's counsel notified defendants that two of the dates were inconvenient for him and asked them to "reschedule the depositions with the deponents."

On June 15, defendants served Hurtado with objections to her expert witness designation on the ground that she had failed to include an expert witness declaration for each expert as set out in section 2034, subdivision (f)(2)[2] They also informed Hurtado it was her responsibility to reschedule the doctors' depositions "as these physicians are your experts, not mine."

Thus began a series of letters between counsel arguing over whose responsibility it was to produce the treating physicians for deposition. Hurtado's counsel claimed the treating physicians were percipient witnesses, not retained experts, and, under section 2034, Hurtado had no obligation to provide defendants with the amount of their expert witness fees, and that,

---

[1] All statutory references are to the Code of Civil Procedure.

[2] Section 2034, subdivision (f)(2) provides: "If any witness on the list is an expert as described in paragraph (2) of subdivision (a), the exchange shall also include or be accompanied by an expert witness declaration . . . . This declaration shall . . . contain: [¶] (A) A brief narrative statement of the qualifications of each expert. [¶] (B) A brief narrative statement of the general substance of the testimony that the expert is expected to give. [¶] (C) A representation that the expert has agreed to testify at the trial. [¶] (D) A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial. [¶] (E) A statement of the expert's hourly and daily fee for providing deposition testimony."

even if the doctors were retained experts, the only way the burden to produce them could be shifted to Hurtado was by service of a proper deposition notice "accompanied by the tender of the expert witness fee . . . ." (§ 2034, subd. (i)(3).) Defendants' position was that because Hurtado had listed the treating physicians as experts, service of notices of deposition on Hurtado's counsel was sufficient to require her to either produce them on the designated dates or arrange alternate ones. The defendants were prepared to tender the expert witness fees as soon as Hurtado's counsel told them how much each doctor charged.

Defendants filed a motion to compel the attendance of Hurtado's treating physicians at the noticed depositions. The court ordered Hurtado to produce them, finding she had the burden to do so because she had designated them as experts. Because Hurtado had not stated the amount of expert fees required, defendants were ordered to pay the fees at each deposition. The court also ordered Hurtado's counsel to pay defendants' attorney's fees and costs totaling $374.

Hurtado never produced any of the treating physicians for deposition; nor did her counsel pay the sanctions. Six months later, the case was assigned out for trial. Defendants successfully moved to exclude the testimony of the treating physicians because Hurtado had failed to produce them. Hurtado, however, moved to remove the case from the civil active list because neither she nor her counsel had enough money to pay her experts to testify at trial; additionally, her counsel was unprepared to go forward.

Defendants then presented a motion to dismiss based on Hurtado's failure to obey the prior court order to provide discovery and to pay monetary sanctions. The court granted the motion on those grounds and on the additional ground of its power to dismiss a case assigned to its department (Cal. Rules of Court, rule 226).

I

 Hurtado contends she had no burden to produce the treating physicians for deposition under section 2034 and the court's order that she do so was invalid. Because of that initial invalidity, she argues, the subsequent sanction orders are also invalid.

Hurtado's reading of section 2034 is correct. Subdivision (a)(1) provides for the exchange of a list of the names and addresses of persons "whose oral

or deposition testimony in the form of an expert opinion" a party expects to offer at trial. Subdivision (a)(2) provides that the designation of an expert shall be accompanied by an expert witness declaration if the witness is a party or an employee of a party or "has been retained by a party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action . . . ."

The distinction between retained experts and other experts is emphasized in the reporter's notes to the Proposed California Civil Discovery Act of 1986. The notes explain that the former law required a party to provide additional information for any designated expert (former § 2037.3); thus, the limitation of the additional disclosure duty to employed or retained experts "makes a slight change in existing law." (A Guide to the New Civil Discovery Act: All You Need to Know and Do (Cont.Ed.Bar 1986) p. 170.) ▮ Because a percipient expert is not given information by the employing party, but acquires it from personal observation, the current statute treats him or her as a fact witness. Requiring an attorney to analyze such a witness's anticipated testimony and submit the analysis to the opponent would invade the absolute protection given by the work product doctrine to the thought processes of an attorney in preparation for trial. (*City of Long Beach* v. *Superior Court* (1976) 64 Cal.App.3d 65, 80-81 [134 Cal.Rptr. 468].)

▮ The trial court incorrectly ordered Hurtado to produce the treating physicians for deposition because she designated them as experts. Her counsel explained he listed them in the expert designation because he intended to ask each of them "one or more questions that may call for the rendering of an expert opinion." He did not, however, retain any of them for the purpose of forming an opinion.

The burden to produce an expert for deposition is shifted from the noticing party to the designating party only if the expert is a retained expert *and* if the noticing party has tendered the expert witness fee. (§ 2034, subd. (i)(2).) Thus even if defendants had tendered the expert witness fees, Hurtado was not obligated to produce the experts for deposition. Because the order was directly contrary to statute, it was invalid.

It follows that the order to Hurtado's counsel to pay sanctions of $374 was also invalid. Section 2023 authorizes a court to impose monetary sanctions against a party for misusing the discovery process. Here, the trial court found Hurtado's counsel misused the process by "[m]aking or opposing, unsuccessfully and without substantial justification, a motion to compel

or to limit discovery." (§ 2023, subd. (a)(8).) Because we find Hurtado's position meritorious, the trial court's finding that the opposition was without substantial justification cannot stand.

The subsequent sanction orders excluding the testimony of Hurtado's experts and dismissing the action are likewise invalid, as they were based on her disobedience of an erroneous court order.[3] Furthermore, the dismissal of an action as punishment for failure to pay monetary sanctions violates a plaintiff's due process. (*Midwife* v. *Bernal* (1988) 203 Cal.App.3d 57, 64-65 [249 Cal.Rptr. 708].) Accordingly, to the extent the dismissal was based on the nonpayment of defendants' attorney's fees, it was an abuse of discretion.

## II

 Notwithstanding the court's error under section 2034, the order of dismissal can be upheld under California Rules of Court, rule 226, which provides in part: "In a county employing the master calendar, each case transferred to a trial department shall be tried, ordered off the calendar, or dismissed, unless for good cause arising after the commencement of the trial, the judge of the trial department continues the case . . . or . . . reassigns the case to . . . the master calendar . . . ."

The record clearly reveals the court relied on this rule to dismiss Hurtado's action because she was unprepared to proceed when the case was called for trial. After the court granted defendants' motion to exclude expert testimony, it invited Hurtado's counsel to present her case. He replied, "Well, I'm still not ready to proceed to the trial, your Honor. Things have basically been put on hold once the decision was made by Mrs. Hurtado to request that the case be taken off calendar. So that's where I stand with that." The case was four months short of the five-year anniversary of its filing, and Hurtado made no request for a new date. We cannot say the court's action in dismissing the case under these circumstances was an abuse of discretion.

---

[3] To obtain appellate review of the trial court's initial order, Hurtado had no choice but to disobey it and risk the consequences. She filed a petition for a writ of mandate in this court immediately following the order, but her petition was denied because "a prerogative writ is not a favored method of reviewing discovery orders . . . ." (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 777, fn. 1 [149 Cal.Rptr. 499].) She was thus obliged to wait until her refusal to comply resulted in either the sanction of dismissal or a judgment on the merits without the benefit of her experts' testimony before she could seek review on appeal.

The judgment of dismissal is affirmed. The defendants are entitled to costs on appeal.

Sonenshine, Acting P. J., and Crosby, J., concurred.