[No. B085870. Second Dist., Div. Six. June 1, 1995.]

CYNTHIA LYNN HUNTLEY, Plaintiff and Appellant, v.
ANTOINETTE FOSTER et al., Defendants and Respondents.

COUNSEL

Ellison, Hinkle & Bayer and David R. Ellison for Plaintiff and Appellant.

Fonda, Garrard, Hilberman & Davis, Daniel J. Palay and Kevin McTague for Defendants and Respondents.

OPINION

**GILBERT, J.**—A party in a personal injury action intends to have her treating doctor testify as to her injuries, treatment, and prognosis. Must she provide opposing counsel an expert witness declaration required by Code of Civil Procedure section 2034, subdivision (a)(2) for retained experts?[1] No.

A treating doctor is not a retained expert for purposes of section 2034.

Plaintiff Cynthia Lynn Huntley appeals a stipulated judgment, agreed to by the parties after the trial court precluded Huntley's treating chiropractor and podiatrist from testifying as expert witnesses. We reverse.

FACTS

On June 20, 1991, plaintiff Cynthia Lynn Huntley and defendants Antoinette Foster and Russell Trubia were in an automobile collision on Surfside Drive in Port Hueneme. Huntley suffered personal injuries to her neck, back, wrist and ankle. She brought this negligence action against Foster and Trubia (collectively referred to as Foster). The trial court referred the lawsuit to an

---

[1]All statutory references are to the California Code of Civil Procedure.

arbitrator for hearing. After the arbitrator held a hearing and ruled favorably for Huntley, Foster sought a trial de novo in the superior court.

The parties each served a demand for expert witness information upon the other. (§ 2034.) Huntley informed Foster that she did not have "any retained experts" but would rely upon "the medical care providers as indicated. . . ." By a document entitled "Written Exchange of Expert Witness Designations," Huntley stated that Doctor Jon A. Fields (chiropractor) and Doctor Carl Wong (podiatrist) were witnesses whose "expert opinions" she intended to present at trial. Huntley also provided their addresses and telephone numbers.

The trial court set a trial date of June 7, 1993. Foster scheduled the deposition of Doctor Fields on June 2. Huntley objected that the deposition was not timely under section 2024, subdivision (d), among other statutes, concerning completion of discovery proceedings "on or before the 15th day . . . before the date initially set for the trial . . . ." Foster then did not depose Doctor Fields.

The trial court continued the trial date several times, until June 2, 1994. On the day of trial, Foster sought to exclude the expert testimony of Doctor Fields and Doctor Wong because Huntley did not provide an expert witness declaration regarding these witnesses. (§ 2034, subd. (f)(2)—describing contents of "expert witness declaration.") The trial court granted this *in limine* motion, thereby restricting Doctors Fields and Wong to testifying as percipient, not expert, witnesses. (§ 2034, subd. (j)(2).) The trial judge stated: "[Doctors Fields and Wong] will be limited to their percipient testimony as to dates of visits, complaints, history obtained, and examination. They may offer no testimony as to prognosis, diagnosis, causation of the injuries, duration, or as to the reasonableness and necessity of the doctors' bills . . . ."

Huntley and Foster then stipulated to a judgment in favor of Huntley for $2,044 to enable Huntley to appeal the trial judge's order excluding her treating doctors from giving expert testimony. (*Connolly* v. *County of Orange* (1992) 1 Cal.4th 1105, 1111 [824 P.2d 663, 4 Cal.Rptr.2d 857]—parties may stipulate to a judgment to facilitate an appeal of a critical issue.)

Huntley appeals and contends she was not required to provide an "expert witness declaration" regarding her treating doctors because they were not "retained" experts within section 2034, subdivision (a)(2).

DISCUSSION

Huntley argues an "expert witness declaration," pursuant to section 2034, subdivision (f)(2), does not apply to her treating doctors because they

are not "retained by [her] for the purpose of forming and expressing an opinion" in the lawsuit. (§ 2034, subd. (a)(2).) She relies upon *Hurtado* v. *Western Medical Center* (1990) 222 Cal.App.3d 1198, 1203 [272 Cal.Rptr. 324].

Section 2034, subdivision (a)(1), requires a party to provide, upon request of another party, the name and address of any expert witness whose expert opinion the first party intends to offer into evidence at trial. Subdivision (a)(2) of section 2034 requires an "expert witness declaration under paragraph (2) of subdivision (f)" for any expert named in subdivision (a)(1) who "has been retained by a party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action . . . ." This "expert witness declaration" must include a brief narrative of the expert's qualifications, a brief narrative of the substance of the expert's testimony, a representation that the expert has agreed to testify at trial, a representation that the expert is sufficiently familiar with the pending action to be deposed concerning his opinion and the basis therefore, and a statement of the expert's fees for consulting and being deposed. (§ 2034, subd. (f)(2)(A), (B), (C), (D), and (E).)

Thus, section 2034 mandates full and timely disclosure concerning expert witnesses. (*Province* v. *Center for Women's Health & Family Birth* (1993) 20 Cal.App.4th 1673, 1684 [25 Cal.Rptr.2d 667].) The exchange of expert witness information is " 'a critical event' " in the course of civil litigation. (*Id.*, at p. 1683.)

Section 2034 makes a distinction, however, between retained experts and other experts. (*Hurtado* v. *Western Medical Center, supra*, 222 Cal.App.3d 1198, 1203.) The disclosure requirements of section 2034, subdivision (f)(2) apply only to "retained" experts. (*Ibid.*; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1994) ¶¶ 8:1668-8:1668a, p. 8J-10.) The disclosures are not required for treating doctors even if the doctors may be presented with questions at trial that call for an expert opinion. (*Id.*, at ¶ 8.1667.1, p. 8J-10.) "Because a percipient expert is not given information by the employing party, but acquires it from personal observation, the current statute treats him or her as a fact witness. Requiring an attorney to analyze such a witness's anticipated testimony and submit the analysis to the opponent would invade the absolute protection given by the work product doctrine to the thought processes of an attorney in preparation for trial. [Citation.]" (*Hurtado* v. *Western Medical Center, supra*, 222 Cal.App.3d 1198, 1203.

Foster relies upon *Zellerino* v. *Brown* (1991) 235 Cal.App.3d 1097 [1 Cal.Rptr.2d 222]. *Zellerino*, however, involved expert witnesses that plaintiff

retained to provide trial testimony. (*Id.*, at p. 1103.) Indeed, *Zellerino* agreed with *Hurtado* concerning the "percipient" expert versus the "retained" expert: "[I]t is true that no [expert witness] declarations need be supplied as to experts testifying as percipient witnesses . . . ." (*Id.*, at p. 1116.)

Foster's requests for sanctions is denied because Huntley's appeal has merit and is not frivolous. Accordingly, the judgment is reversed. Foster and Trubia shall bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.