Filed 7/30/21  Reilly v. Sanchez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| JOSEPH MICHAEL REILLY, | |
| Plaintiff and Appellant, | E074950 |
| v. | (Super.Ct.No. RIC1818165) |
| CAROLINA MARIE SANCHEZ et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Raquel A. Marquez, Judge.  Affirmed.

Perona, Langer, Beck, Serbin & Harrison and Ellen R. Serbin; The Law Offices of Larry H. Parker and Camm Sublette, for Plaintiff and Appellant.

Keith L. Shoji & Associates and Bradley R. Blamires, for Defendants and Respondents.

The plaintiff in this personal injury action went incommunicado for months—even his own counsel could not contact him—during which time he failed to appear for trial. He eventually was located, but not until after the trial court had ordered that the case be

dismissed. In this appeal, he contends that the trial court abused its discretion by declining to continue the trial for longer than it did and by dismissing the case. We find no abuse of discretion and affirm the judgment.

## I. FACTS

Plaintiff and appellant Joseph Michael Reilly filed his complaint on September 4, 2018, alleging personal injuries arising out of an automobile accident. Defendants and respondents Carolina Marie Sanchez, Jorge Sanchez, and Emma Sanchez answered. In July 2019, the trial court issued an order scheduling the case for jury trial on January 17, 2020, and setting a mandatory settlement conference for December 11, 2019.

Reilly initially participated in the litigation, appearing for his deposition and verifying written discovery responses. He failed to appear, however, for a medical examination scheduled for November 21, 2019. Reilly's counsel represented that Reilly had been homeless, but had been in touch a week earlier, asking for assistance in arranging transportation to the medical examination. Counsel's attempts to contact Reilly to arrange pick-up, however, were unsuccessful.

On December 9, 2019, defendants applied ex parte for continuance of the trial until at least May 8, 2020, as well as an extension of the discovery deadline to allow for completion of Reilly's medical exam and the deposition of one of the defendants. The application was based on a stipulation between the parties. The trial court, however, expressed concern that Reilly remained out of contact with his counsel, so it had "no confidence that this problem is going to be solved within two months, or three months, or

2

four months, or five months." On that basis, it denied the application "subject to it being renewed if and when plaintiff surfaces."

At the mandatory settlement conference on December 11, 2020, counsel for both sides appeared, as did defendants, but Reilly did not and the case was not settled.

On the date set for trial, January 17, 2020, Reilly's whereabouts remained unknown. His counsel appeared, submitting his own declaration and that of his legal assistant, describing their unsuccessful efforts to try to find Reilly. Counsel declared that his understanding was that Reilly and his wife had been living in their car at the time of his deposition, but the car had then been "destroyed" in "another car crash." They then had been staying in shelters in the Indio area and Reilly had been communicating with counsel by email from public computers at the library. Searches verified that Reilly was not in jail, prison, or any of the local hospitals. Reilly's counsel requested a continuance of "at least three months" to continue the search for him. Respondents objected to such a delay, noting that Reilly had already been missing for about two months and suggesting that the matter should be dismissed. The trial court continued trial for one week, warning that if Reilly could not be found within that time, the case would be dismissed.[1]

---

[1] Counsel for defendants noted that they had previously been willing to stipulate to a continuance, but their "position . . . changed" after the search for Reilly had been unsuccessful for an extended period of time. Defendants' counsel continued: "They can't find this person. And if he has an interest in this litigation and he's not motivated to be participating in his litigation, I don't see what the benefit of continuing this is." The trial court interpreted these comments as a request for dismissal (as do we), responding: "What the Court, I think, is willing to do is continue this matter for one week . . . If you can't find him in a week, we're going to dismiss the case."

Reilly was not located by the continued trial date of January 24, 2020. His counsel again requested a continuance (this time, for six months). The trial court denied the request and ordered the case dismissed. The trial court at first indicated that the dismissal would be with prejudice. When the judgment was entered on June 9, 2020, however, the trial court on its own motion changed that decision, specifying that the dismissal was without prejudice.

Meanwhile, about a week and a half after dismissal, Reilly contacted his counsel's office, and counsel spoke with Reilly personally on February 9, 2020. According to a declaration counsel submitted in support of a March 3, 2020, motion seeking reconsideration of the dismissal order, Reilly told his counsel that he had undergone emergency surgery and had been "'out of it' mentally and physically since mid November," but that he was now "back on track" for participating in the litigation. Before any ruling by the trial court, however, the motion for reconsideration, which argued only that the trial court lacked discretion to dismiss the matter under Code of Civil Procedure section 583.420 because "[t]he matter was not yet 2 years old," was withdrawn.

## II. DISCUSSION

Reilly argues that the trial court abused its discretion by denying his requests for a longer continuance of trial when he could not be located and by dismissing the action based on Reilly's failure to appear for trial. We find no abuse of discretion.

4

A. *Continuance of Trial*

A trial court's ruling on a party's request that trial be postponed is reviewed for abuse of discretion. (*Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1004.) "'The policy favoring a full and fair hearing calls for a more careful appellate review of the exercise of discretion in *denying* a continuance [citation], but it is usually upheld.'" (*Bussard v. Department of Motor Vehicles* (2008) 164 Cal.App.4th 858, 863, fn. 1.) "An abuse of discretion occurs 'where, considering all the relevant circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances.'" (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7; see also *People v. Guerra* (2006) 37 Cal.4th 1067, 1113, overruled on another point by *People v. Rundle* (2008) 43 Cal.4th 76, 151 ["[A] trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."].)

We find the trial court's decisions, granting a one-week continuance of trial but otherwise denying Reilly's counsel's repeated requests for a months-long delay, to be well within the bounds of reason. As of the date set for trial, Reilly had already been out of touch for months. He had disrupted the completion of discovery by missing his medical exam. He had not appeared at the mandatory settlement conference. Given that Reilly's counsel had already apparently made best efforts to find him, without results, there was no non-speculative reason to believe Reilly would appear on any continued

5

trial date. The trial court had previously expressed willingness to consider a continuance if Reilly "surface[d]," presumably upon a showing of good cause for his absence. The defense, too, had previously been willing to stipulate to a continuance while plaintiff's counsel searched for Reilly. Reilly did not get back in touch with his counsel, however, until after the defense's position on continuances had changed, the trial date had come and gone, and the matter had already been ordered dismissed. In such circumstances, we do not find anything arbitrary, capricious, or patently absurd in the trial court's rulings.

Reilly's comparison of the facts here to those of *Link v. Cater* (1998) 60 Cal.App.4th 1315 (*Link*) is not persuasive. In that case, too, the plaintiff failed to appear for trial, and his counsel requested a continuance, which was denied, and the matter was dismissed. (*Id.* at pp 1318-1320). But the circumstances in *Link* were very different from those in this case. Among other things, the *Link* plaintiff's whereabouts on the trial date were not unknown—he was travelling for medical appointments in New York and Switzerland. (*Id.* at pp. 1318, 1324.) He had good cause for having scheduled medical appointments out of town on the same day as trial; the appointments had been scheduled so as not to conflict with trial, but the court had, on its own motion, with only a few days' notice, and without consulting with the parties regarding availability, changed the trial date so as to create the conflict. (*Id.* at p. 1324.) The plaintiff and his attorney had previously been diligent in his prosecution of the case, participating fully in discovery, attending multiple mandatory settlement conferences, and appearing for multiple previous trial dates. (*Id.* at pp. 1325-1326.) The trial court also did not give the plaintiff

6

an opportunity to demonstrate the legitimacy of the medical treatment he claimed was necessary, and on appeal the plaintiff was able to produce documentation that he "presumably would have filed . . . with the trial court if given a reasonable opportunity to do so upon pain of dismissal." (*Id.* at p. 1326.) On such facts, the court of appeal found that the trial court's decision to deny the requested continuance and dismiss the matter to be arbitrary, and that the plaintiff "was not given a fair hearing on the matter." (*Ibid.*) Our facts are different, and require a different conclusion: Reilly has not demonstrated that the trial court abused its discretion in denying his requests for a continuance.

B. *Dismissal*

Citing provisions of the Code of Civil Procedure and the California Rules of Court that concern dismissal for delay in prosecution, Reilly contends that the trial court erred by dismissing the action even though the case was less than two years old.[2] We are not

---

[2] In this opinion, undesignated statutory references are to the Code of Civil Procedure, while undesignated rules references are to the California Rules of Court.

The statutory provisions that are the focus of Reilly's analysis include section 583.420, which prohibits a trial court from dismissing an action for delay in prosecution pursuant to section 583.410 unless one of several listed conditions has occurred. The two-year statutory limitation referenced by Reilly is in subdivision (a)(2)(B) of section 583.420: "Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice."

Similarly, rule 3.1340 provides that the court on its own motion or the motion of a defendant may dismiss an action under sections 583.410 through 583.430 "if the action has not been brought to trial or conditionally settled within two years after the action was commenced against the defendant."

persuaded, however, that the trial court relied on the statutory provisions that Reilly focuses upon.

The trial court did not specify the basis for its ruling when it ordered dismissal or in the written judgment it entered later. In a minute order, however, issued in connection with the entry of judgment, the court stated that the dismissal was pursuant to section 581, subdivisions (b)(5) and (l). Under section 581, the trial court may dismiss a civil case when "either party fails to appear at the trial and the other party appears and asks for dismissal." (§ 581, subd. (b)(5) [allowing dismissal of "an action" in such circumstances; see also *id.*, subd. (l) [providing for dismissal of "the complaint in whole, or as to that defendant" in such circumstances].) Unlike the provisions that are the focus of Reilly's arguments, these provisions do not limit the trial court's authority based on when the action was commenced.[3]

We review the trial court's decision to dismiss the matter for abuse of discretion. (*Link*, *supra*, 60 Cal.App.4th at p. 1321.) California has a "strong public policy in favor of deciding cases on the merits when possible . . . ." (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1365.) There is, however, a "countervailing policy, evidenced by the dismissal statutes, of expediting the administration of justice . . . ." (*Link*, at p. 1321.)

---

[3] In any case, we review the trial court's ruling, not its reasoning. (See *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 330 ["[I]t is judicial action, and not judicial reasoning or argument, which is the subject of review; and, if the former be correct, we are not concerned with the faults of the latter"]; *Young v. California Fish & Game Comm'n* (2018) 24 Cal.App.5th 1178, 1192-1193 ["[I]t is a settled appellate principle that if a judgment is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning"].)

"The policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence." (§ 583.130.) Nevertheless, a trial court has "broad discretion" in deciding how to balance these policy goals on the facts before it. (*Vernon v. Great Western Bank* (1996) 51 Cal.App.4th 1007, 1012-1013 (*Vernon*); see *Link*, at p. 1321.)

We find no abuse of discretion. Reilly's counsel was present in court at the time set for trial, although his client was not, but counsel was not prepared to proceed with trial in the absence of his client, instead requesting lengthy continuances and all but conceding that the trial could not go forward until Reilly was located.[4] Reilly had not submitted to the independent medical exam required to maintain his claim for medical damages. (See § 2032.410 [issue, evidentiary, or terminating sanctions available where a party fails to submit to a medical examination].) Reilly's whereabouts had been unknown for months, and they remained unknown when the trial court ordered the matter dismissed. The defense opposed any further continuances, which the trial court reasonably interpreted as a request for dismissal. On these facts, the trial court's decision to dismiss the matter was well within the scope of its discretion under section 581.

Reilly is incorrect that *Cohen v. Hughes Markets* (1995) 36 Cal.App.4th 1693 (*Cohen*) requires a different conclusion. In that case, the plaintiff Cohen was not personally present for the start of a trial in a personal injury action, but his attorney was

---

[4] On the initial trial date, counsel requested a three-month continuance, and then stated that "[i]f we don't find him by that time, I'll let the Court do what it should do."

9

present and ready to proceed with jury selection even in his client's absence. (*Id.* at pp. 1695-1696, 1700.) Moreover, Cohen's whereabouts were not unknown; he was on his way, travelling from abroad and arriving the evening of the first day of trial, well before his presence as a witness would be required. (*Id*. at p. 1700.) The Court of Appeal found that "the mere fact Cohen was not personally present in court on the morning trial was to commence did not warrant dismissal pursuant to section 581, subdivision (b)(5)." (*Ibid.*) In so concluding, the court noted that "'[i]n civil cases personal appearance by a party is not essential; appearance by an attorney is sufficient and equally effective.'" (*Ibid.*)

Here, in contrast, Reilly was not on his way to attend trial when the matter was dismissed, but rather his whereabouts remained unknown, even to his counsel. His counsel was present in court, but gave no indication of being prepared to proceed with trial without Reilly. Rather, counsel twice requested lengthy continuances, explicitly for the purpose of finding Reilly, and on one occasion told the court that if Reilly could not be found, he would "let the Court do what it would should do." At no point did counsel state or even suggest that he might be prepared to proceed with trial in the absence of Reilly; counsel made no objection when the trial court indicated that it intended to dismiss the matter if Reilly's whereabouts remained unknown after a week's continuance, nor did he object when the trial court dismissed the matter. The notion, suggested by Reilly at oral argument on appeal, that his counsel might have been prepared to proceed with trial in the absence of Reilly, but was not given the option of doing so before dismissal, is implausible on this record. Indeed, where Reilly had failed to submit to his

10

defense-requested medical exam, it is hard to see how Reilly could properly be permitted to recover medical damages at trial. In these circumstances, the trial court properly treated Reilly's attorney's presence as neither sufficient nor effective as an appearance *for trial*. *Cohen* correctly states the law, but our facts are different.

A case that is closer to ours than *Cohen* is *Vernon*, *supra*, 51 Cal.App.4th at p. 1007. In *Vernon*, on several occasions, rather than appear ready to proceed with trial on the appointed day, the plaintiff's counsel repeatedly appeared only to request continuances, either personally or through another attorney making a "'special appearance.'" (*Id.* at pp. 1009-1010.) Eventually, counsel arrived six hours after the time set for trial, only to move again for a continuance on the ground that he was too "distraught" to proceed, the trial court issued an order to show cause why the case should not be dismissed. (*Id.* at p. 1010.) At the next hearing, the trial court dismissed the case. (*Ibid.*) The Court of Appeal affirmed, reasoning that neither the plaintiff nor plaintiff's counsel had appeared for trial, and that "no more was needed to justify the trial court's order of dismissal" under section 581, subdivision (b)(5) and the Rules of Court. (*Id.* at p. 1012-1013; see also *Hurtado v. Western Medical Center* (1990) 222 Cal.App.3d 1198, 1204 [cited in *Vernon* for the proposition that "dismissal is proper when the plaintiff is not prepared to proceed on the day of trial"].) Although the pattern of dilatory behavior by counsel detailed in *Vernon* is more egregious than the facts at issue here, the same reasoning applies.

As Reilly notes, section 581 provides for dismissal only *without* prejudice, and the trial court initially ordered the matter dismissed *with* prejudice. It does not follow, however, that the judgment should be reversed. On its own motion, the trial court corrected itself and entered a judgment specifying that the dismissal was *without* prejudice. It is the judgment that is the subject of our review.

At oral argument, Reilly's appellate counsel repeatedly emphasized "the interests of justice." We agree that it appears that the interests of justice would have been better served if Reilly's case could have been tried on the merits or, as the parties seem to have anticipated was likely before Reilly went incommunicado, resolved by a mutually agreeable settlement. It does not follow, however, that the trial court abused its discretion in dismissing the case, or even that any unfairness here is best viewed as flowing from that exercise of discretion. In that regard, we observe that once Reilly got back in touch with his trial counsel, there may have been strong grounds for a motion pursuant to section 473, subdivision (b); if credited, Reilly's explanations for his absence may well have been found to constitute excusable neglect, justifying relief from dismissal. (See *In re Marriage of Kerry* (1984) 158 Cal.App.3d 456, 465-466 ["'Excusable neglect' may be the result of disability . . . [which includes] . . . [t]he existence of some degree of mental confusion or illness of the party moving to set aside an order"].) Reilly got back in touch with his trial counsel only weeks after the order of dismissal, before any judgment was entered, and well within the time allowed for such a motion. (See § 473, subd. (b) [application for relief "shall be made within a reasonable

12

time, in no case exceeding six months" after the order].)  Nevertheless, trial counsel never requested that the court consider granting Reilly relief from dismissal pursuant to section 473, subdivision (b).[5]

Because Reilly has not demonstrated that the trial court's orders were outside the bounds of its discretion, we may not disturb them.

### III.  DISPOSITION

The judgment is affirmed.  Respondents are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

I concur:

MILLER _____
Acting P. J.

---

[5] The notice of appeal in this action was filed on March 19, 2020, more than a month after Reilly was back in touch with his counsel.  Even then, however, the notice of appeal was premature, as no appealable judgment had been entered, only an unsigned minute order of dismissal.  (§§ 904.1, 581d; *Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366, 368-369.)  A premature appeal does not divest the trial court of jurisdiction, as it is only a "perfected" appeal that stays proceedings in the trial court.  (§ 916, subd. (a); *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360.)  Only after the trial court entered judgment on June 9, 2020 (at the request of *plaintiff's counsel*) was the appeal perfected and the trial court lost jurisdiction to consider a section 473, subdivision (b) motion.

[*Reilly v. Sanchez et al.*, E074950]

MENETREZ, J., Dissenting.

On the original trial date, the court continued the trial for one week and stated that plaintiff Joseph Reilly's suit would be dismissed if Reilly's whereabouts remained unknown on the continued date. On the continued date, Reilly had not been located, and the court dismissed the suit. (Reilly was located less than two weeks later.) On both the original and the continued trial dates, neither the court nor any party mentioned any statutory basis for dismissal of plaintiff's suit. The court first referred to a statutory basis five months later in a minute order accompanying the judgment of dismissal, citing Code of Civil Procedure section 581, subdivisions (b)(5) and (*l*) (unlabeled statutory citations are to this code).

Under subdivision (b)(5) of section 581, the court may dismiss "when either party fails to appear on the trial and the other party appears and asks for dismissal." Subdivision (*l*) of section 581 is substantively identical, authorizing dismissal "when either party fails to appear at the trial and the other party appears and asks for the dismissal."

In this case, no party failed to appear; both parties appeared through counsel. And no party requested dismissal; the trial court announced its intention to dismiss sua sponte on the original trial date and carried out that intention on the continued date. The statutory requirements consequently were not met, so the trial court abused its discretion by dismissing. (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321; *County of San Diego v.*

1

*P.B.* (2020) 55 Cal.App.5th 1058, 1069 [trial court's failure to comply with statute constitutes abuse of discretion].)  The error was prejudicial because, in the absence of the error, Reilly would have avoided dismissal.  We therefore should reverse.

The majority opinion reasons that although Reilly appeared through counsel, counsel was not prepared to proceed, which can be treated as equivalent to failing to appear.  (Maj. opn., *ante*, at p. 9; see *Hurtado v. Western Medical Center* (1990) 222 Cal.App.3d 1198, 1204.)  In fact, we have no idea whether Reilly's counsel would have been willing to go forward without Reilly if push came to shove, because no one ever asked.  Indeed, we have no idea whether *defense counsel* was willing to go forward without Reilly.  The court never presented the parties with that option, so we do not know what they would have said if asked.

The majority opinion also asserts that the trial court interpreted defense counsel's statement "I don't see what the benefit of continuing this is" as a request for dismissal, and the majority opinion interprets it the same way.  (Maj. opn., *ante*, at p. 3, fn. 1.)  I disagree.  The statement on its face expresses opposition to the continuance requested by Reilly's counsel; defense counsel claimed not to see any point to "continuing this."  Opposition to a continuance is not a request for dismissal, and nothing in the record indicates the trial court interpreted it as such.

The majority opinion also notes that issue, evidence, and terminating sanctions are available penalties under section 2032.410 for failure to submit to a medical examination.  (Maj. opn., *ante*, at p. 9.)  But the defense never brought a motion for sanctions, let alone

2

terminating sanctions. We cannot affirm the dismissal on the basis of the putative merits of a sanctions motion that was never filed.

This last point highlights the element of procedural unfairness in what transpired here. Because no one ever identified any statutory basis for dismissal until months after the court ordered the complaint dismissed, Reilly's counsel lacked notice of the specific dismissal criteria at issue. "The constitutional guarantee of due process requires that a court give notice to a party and an opportunity to respond before sua sponte dismissing an action." (*In re Marriage of Straczynski* (2010) 189 Cal.App.4th 531, 538; see *id.* at p. 539 ["The proper procedure for the trial court to use in ordering a sua sponte dismissal of the dissolution action would have been the issuance of an order to show cause and the setting of a hearing to consider a dismissal *on the specified grounds*" (italics added)].) And even if we interpret defense counsel's statement ("I don't see what the benefit of continuing this is") as a request for dismissal, it does not cure the due process violation, because defense counsel did not identify any legal basis for the request. (See *Mathews v. Eldridge* (1976) 424 U.S. 319, 348 ["The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it'"].) If defense counsel had expressly asked for dismissal, the court's first question should have been, "Pursuant to what legal authority?" And then the issues could have been joined.

If the court had asked the parties whether they were prepared to go forward without Reilly, perhaps Reilly's counsel would have said no. But perhaps, faced with

dismissal as the only alternative, Reilly's counsel would have said yes. Moreover, *defense counsel* might have declined to go forward and might instead have requested a continuance in order to file a motion for terminating sanctions under section 2032.410. Reilly's counsel then could have opposed that motion by requesting a lesser sanction—terminating sanctions are not the *only* penalty for failure to submit to a medical examination. (§ 2032.410.) And in the interim, as we now know, Reilly would have been located.

For all of the foregoing reasons, we should reverse the judgment of dismissal rather than leave Reilly to the uncertain remedy of a malpractice action against his trial counsel for failing to file a motion to vacate under section 473. I therefore respectfully dissent.

MENETREZ_____
J.